GLENN PACK *v.* WILLIAM BURNS, COMMISSIONER
OF TRANSPORTATION
(13566)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued May 3—decision released August 1, 1989

*Michael J. McCabe,* for the appellant (plaintiff).

*Jeffrey A. Blueweiss,* for the appellee (defendant).

COVELLO, J. This is a negligence action seeking damages for injuries allegedly sustained as the result of a defective highway. The dispositive issue is whether the inclusion of the commissioner of transportation (commissioner) as a defendant after the expiration of the two year statute of limitations found in General Statutes § 13a-144[1] constituted: (1) the addition of a new party against whom legal proceedings were not seasonably started; or (2) an amendment correcting an error in the original writ, summons and complaint that had been properly served within the two year limitation period but misnamed the commissioner. We conclude that the addition of the commissioner of transportation constituted an amendment correcting a circumstantial defect. As such, the amendment related back to the date of service of the original writ, summons and complaint and was therefore not fatal to the plaintiff's cause of action. See *Keenan* v. *Yale New Haven Hospital,* 167 Conn. 284, 285, 355 A.2d 253 (1974).

Examination of the record discloses that on March 7, 1985, the plaintiff, Glenn Pack, instituted this action against the town of Fairfield and the "State of Connecticut Transportation Commission" seeking damages for injuries sustained on May 13, 1984, when the bicycle he was riding allegedly hit a pothole on Route 58 in Fairfield, flipping him over the handlebars and onto the pavement. On June 20, 1984, the plaintiff sent a letter to the commissioner of transportation, giving him

---

[1] General Statutes § 13a-144 provides in part: "No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."

the required notice of his intention to make a claim. See General Statutes § 13a-144. On March 13, 1985, service of process was made upon and accepted by an employee of the commissioner of transportation, on his behalf, at the offices of the commissioner. The action against the town of Fairfield was withdrawn on April 11, 1985.

On January 21, 1986, the defendant, "State of Connecticut, Department of Transportation," moved to strike the complaint, claiming that the proper party defendant was the "Commissioner of Transportation," and that a "State of Connecticut Transportation Commission" did not exist. The trial court, *Gerety, J.,* thereafter denied the motion. In the interim, on January 31, 1986, the plaintiff filed a motion to cite in the "Commissioner of Transportation, J. William Burns as the proper party defendant . . . [as] [t]he State of Connecticut Transportation Commission [was] improperly named as the party defendant." The court, *W. McGrath, J.,* granted the motion. On October 10, 1986, the commissioner was served with an amended complaint.

On September 21, 1987, after the pleadings were closed, the commissioner moved for summary judgment, maintaining that the interval between the time of the plaintiff's alleged injury, May 13, 1984, and the time he was served with the amended complaint, October 10, 1986, exceeded the two year limitation period for the initiation of such actions contained in § 13a-144, and that therefore the plaintiff had no cause of action against him. The trial court, *Jacobson, J.,* granted the motion and rendered judgment for the defendant. The plaintiff then appealed to the Appellate Court. We thereafter transferred the matter to ourselves pursuant to § 4023 of the rules of practice.

The dispositive issue is whether the subsequent addition of the commissioner of transportation introduced a new party to the proceedings or simply corrected a misnomer in describing the party originally summoned to court. We conclude that it was a correction of a defect in description in the original writ, summons and complaint and that this amendment therefore related back to the timely service of the original writ, summons and complaint within the two year statute of limitations.

In *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640, 642, 136 A. 681 (1927), the plaintiff sued " 'The Alliance Sandblasting Company, a corporation of New York having an office and carrying on business in the City of Hartford.' " The trial court thereafter authorized an amendment to the writ that struck the name of the defendant as it originally appeared and substituted "Julius Goodman doing business under the name of the Alliance Sandblasting Company." Id. The defendant claimed that this constituted a substitution of parties. Id. In rejecting this claim, we stated that "[t]he plaintiff's mistake was not as to the entity itself—not as to the party sued, but in describing what kind of an entity the defendant was; it sued the proper party, but in so doing misdescribed that party, not in respect to name, but solely as to status, as being an artificial instead of a personal entity. . . . The change made by the amendment did not affect the identity of the party sought to be described, but merely made correct the description of the real party sued; it did not substitute or bring in a new party." Id., 643.

" 'The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether

it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.' " Id., 643–44.

In *Motiejaitis* v. *Johnson,* 117 Conn. 631, 636, 169 A. 606 (1933), the plaintiff sued " 'J. Johnson & Sons, Incorporated, a corporation duly organized under the laws of the State of Connecticut . . . . ' " After a verdict had been entered, but before the trial court rendered judgment, the plaintiff was allowed to amend the writ by striking out the words quoted and substituting " 'Joseph C. Johnson, New Haven, Connecticut, and Joseph C. Johnson as executor of the estate of Albert J. Johnson . . . they having been co-partners in trade . . . doing business as J. Johnson & Sons . . . . ' " We considered against whom the plaintiff "intended to bring her action"; id., 637; and concluded that "the trial court committed no error in permitting an amendment naming the real parties." Id., 638.

In *Servatius* v. *United Resorts Hotels,* 85 Nev. 371, 455 P.2d 621 (1969), the Nevada Supreme Court considered three factors in determining if an amendment simply corrects a misnomer, rather than substitutes a new party. "They are that the proper party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice." Id., 373.

In the matter before us, it is evident that the plaintiff intended to sue the commissioner of transportation and that the commissioner knew that he was the intended defendant. First, all the parties agree that there is no such entity as the transportation commission. It can be fairly assumed that the plaintiff did not intend to sue a nonexistent commission. See *Sharkiewicz* v. *Smith,* 142 Conn. 410, 412, 114 A.2d 691 (1955). Second, the statutory notice required by General Stat-

utes § 13a-144 was properly furnished in this case and was directed to the "Honorable J. William Burns, Commissioner of Transportation." Third, service of the process that began the action was made at the office of the commissioner of transportation, upon an employee of the commissioner, who was authorized to accept service for him. Fourth, the complaint stated that "[t]he *commissioner of transportation* is responsible for the maintenance of all highways, bridges and sidewalks . . . and it is the duty of such *commissioner* to keep and maintain the highways, bridges and sidewalks in a reasonably safe condition." (Emphasis added.) Finally, the motion to strike the original complaint stated: "[T]he proper party defendant . . . is *the Commissioner of Transportation.*" (Emphasis added.)

The commissioner has not been misled to his prejudice. He has been represented by the same counsel throughout these proceedings and has fully participated in the defense of the action. He makes no claim of prejudice nor does our examination of the record disclose this to be the case.

We have recently had occasion to reexamine General Statutes § 52-123. See *Rogozinski* v. *American Food Service Equipment Corporation,* 211 Conn. 431, 559 A.2d 1110 (1989). Section 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." In *Rogozinski* we pointed out that "[t]he statute is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." Id., 434. In our view, the designation of the transportation commissioner as the transportation commission is a defect in the text of the writ falling squarely within the purview of § 52-123.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion for summary judgment.

In this opinion the other justices concurred.