[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS (#109)
The parties are not in dispute as to the underlying facts. They also agree that there is no need for an evidentiary hearing to decide the issue presented.
The plaintiffs, who sue as a result of personal injuries sustained in an auto accident, sought to make service of process upon the defendant's, Patsy Barbina and Ramsgate Doors, pursuant to CT Page 3938 Section 52-63 (b) of the General Statutes. The complaint itself is the same as to both defendants, Barbina being named as operator and Ramsgate as owner of the alleged offending vehicle. In his return of service, it is clear that, Sheriff Jannetty made abode service on the defendant Ramsgate Doors, was unable to locate the defendant Patsy Barbina, and then made service on both defendant's at the Department of Motor Vehicles. As required by the statute, the sheriff then sent by certified mail, return receipt requested, a true and attested copy of the complaint to the defendants at their last address on file at the Department.
The sheriff's return reflects that one Francis Barbina signed the receipt form (green card) addressed to the defendant Ramsgate which had been attached to certified mail addressed to the defendant Barbina. The certified mail addressed to Ramsgate was returned unclaimed along with an attached unsigned green card addressed to Barbina. It is apparent that Sheriff Jannetty (or the postal representative) inadvertently, it would seem, attached in each instance, the article number and green card intended for one defendant to the envelope, which contained a copy of the complaint, addressed to the other defendant.
The defendants, through their counsel, argue that service of process is defective and that they are not subject to personal jurisdiction of the court. They have moved to dismiss the complaint. Practice Book Section 143(2) and (4). The plaintiffs contend that the claimed defect is at best circumstantial and that it can be remedied by the court's issuance of a further order of notice pursuant to Section 52-63 (e) of the statutes.
It has long been the law, by legislative enactment, that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court." Section 52-123, Connecticut General Statutes, Rev. 1958 as amended. Notwithstanding its expansive language, the court is mindful of our Supreme Court's pronouncement that the statute (Section 52-123) ". . .is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service of process." Pack v. Burns, 212 Conn. 381, 386 (1989), quoting from Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 434
(1989); see also Bridgeport v. Debek, 210 Conn. 175, 179-80
(1989); Castro v. Viera, 207 Conn. 420, 433-34 (1988).
Although the defendants assert what is claimed to be a defect in the service of process, the court does not view the happening as an irregularity, or at least the kind of incurable irregularity, that offends due process standards. On the CT Page 3939 contrary, in making its decision on the defendants' motion, the court is guided by "[the] elementary and fundamental requirement of due process in any proceeding which is to be accorded finality. . .[i.e.,] notice reasonably calculated, under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank and Trust Co.,339 U.S. 306, 314 (1950). In other words, before a party can be submitted to jurisdiction, due process requires the giving of notice in such manner that there can be little doubt of actual notice so that the party may appear and defend. S.E.C. v. Tome,833 F.2d 1086, 1092 (2d Cir., 1987).
Abode service was made upon the defendant Ramsgate, and it does not seem that further substitute service as to that defendant was required. The defendant Barbina in argument and in a memorandum of law in support of the motion makes no claim that he had not received a copy of the complaint. In fact, the signature of Francis Barbina, although affixed to the wrong green card, is cogent evidence of such receipt, since, as hereinbefore mentioned, each envelope contained an identical copy of the complaint.
In addition to the above, plaintiffs' counsel represents that he has the current address of each defendant and can furnish further notice should the court enter an order therefor.
For all of the reasons above stated, the motion to dismiss is denied.
GAFFNEY, J.