[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought by the plaintiff, Connecticut CT Page 2746 Resources Recovery Authority (CRRA), against Refuse Gardens, Inc., a dissolved Connecticut corporation, and its shareholders, who are alleged to have received distribution of the corporate assets, and who are therefore alleged to be liable to the creditors of Refuse Gardens, Inc. to the extent of such distributions. The original complaint named as defendants, shareholders Anthony Botticello, Michael Botticello, and Dennis Botticello, and included fictitious names "John Doe I" and "John Doe II" in lieu of additional unnamed shareholders.[1]
Within two months after the complaint was filed, the plaintiff served its first set of interrogatories upon the defendants. These interrogatories disclosed the identity of the additional unnamed shareholders to be Richard Botticello and Robert Botticello. On September 19, 1991, the plaintiff filed a motion to substitute Richard Botticello and Robert Botticello for the originally-named "John Doe" defendants on the ground that the true identity of these defendants was not known at the time the original complaint was filed, and was subsequently ascertained only through discovery. This motion was denied by the court, Schaller, J., on October 1, 1991. The plaintiff filed a motion for reargument and reconsideration of the motion for substitution. The motion for reargument and reconsideration was heard by the court, Schaller, J., on December 9, 1991.
The issue raised by the present motion is whether a person suing the shareholders of a dissolved corporation may substitute for named "John Doe" shareholders the names of the actual shareholders.
In "actions or proceedings which are not strictly in rem but are in personam or quasi in rem, there is generally no authority to proceed against unknown persons in the absence of a statute" permitting such an action. 85 A.L.R.3d 2, 134; see also 59 Am.Jur.2d, Parties 16, 401. There is no authority to proceed against unknown persons in actions in Connecticut courts and, therefore, no authority to substitute the additional ascertained shareholders for the originally-named "John Doe" defendants.
Furthermore, in Pack v. Burns, 212 Conn. 381, CT Page 2747562 A.2d 24 (1989), it was held that a complaint may be amended to include persons or entities not named in the original complaint only if an amendment "simply corrects a misnomer, rather than substitutes a new party." Id., 385.
 `The effect given to such a misdescription usually depends upon whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed.'
Id., 384-85, quoting World Fire Marine Ins. Co. v. Alliance Sandblasting Co., 105 Conn. 640, 642, 136 A. 681 (1927); see also Kaye v. Manchester, 20 Conn. App. 439, 444-45,568 A.2d 459 (1990). Because Richard Botticelli and Robert Botticelli are separate persons or entities from "John Doe I" and "John Doe II," the substitution sought by the plaintiff does not merely correct a misdescription of the real party being sued, but rather "affect[s] the identity of the party sought to be described," and attempts to "substitute or bring in a new party" Kaye v. Manchester, supra, 445 (citations omitted) (emphasis in original). Therefore, the specific relief sought here — substitution — is not proper under the rule of Pack v. Burns, supra.
Because fictitious name pleading is not authorized under Connecticut law, and because the proffered substitution seeks to add new defendants, rather than merely correct a misnomer, the court denies plaintiff's motion to substitute without prejudice to employing other procedures that may apply.
SCHALLER, JUDGE