[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION MOTION FOR SUMMARY JUDGMENT
The plaintiffs Harry and Helen Wunsch, and several other members of their family, filed a complaint against Milford Crane Machine Co. ("Milford Crane"), Silent Hoist Crane Co. ("Silent Hoist"), Eric Martin Wunsch, and Peter Wunsch. The six count complaint alleged that the defendants had continuously violated the Connecticut Corporations Statutes (Connecticut General Statutes Chapter 33); misrepresented the fair market value of the corporations's stock and fraudulently concealed its true value, thus rendering the sale of plaintiffs' shares a nullity; breached their fiduciary duty; received unjust enrichment from their fraud and misrepresentation; and CT Page 10117 improperly agreed with Milford Crane shareholders to keep stock prices low. The fifth count asserts that those plaintiffs who sold their shares, have a derivative right of action as equitable shareholders, albeit not shareholders of record, because of the defendants' alleged misdeeds. The sixth count alleges CUTPA violations (Connecticut General Statutes, Secs.42-110a et seq..
The plaintiffs thereafter filed a motion requesting to amend the complaint together with the amended complaint. The amended complaint identified Silent Hoist as a New York corporation and delineated its relationship with Milford Crane. The new first count alleged that Milford Crane was created by Silent Hoist, and that both corporations were the alter ego of Eric Martin and Peter Wunsch. Counts two through six incorporated the same allegations as the original complaint. Moreover, the fifth count notes that Carl Wunsch is still a shareholder of record. The defendants filed an objection to the motion to amend which was denied.
The defendants moved to strike the amended complaint, but the motion was denied by the court (Jones, J.), as to all but the CUTPA count, which was stricken.
The plaintiffs pleadings have been closed by the plaintiffs' reply to the defendants' answer and special defenses.
The defendants have filed this motion for summary judgment which argues that the statute of limitations had run against the actions by all the plaintiffs except Carl Wunsch, and that Silent Hoist has done no business with Milford Crane since November 28, 1980. The defendants also argue that since Silent Hoist was misidentified in the complaint as "Silent Hoist, a New York corporation,: it is not a proper defendant. Silent Hoist is actually a Delaware Corporation.
The plaintiffs filed a memorandum in opposition, arguing that because the conduct at issue was continuous and involved fraud, the three year statute ran from the time they discovered the fraud and misrepresentation, and not from the time of the sale.
The plaintiffs also argue that Silent Hoist is a proper party, and thus is not entitled to summary judgment. Although misidentified as a "New York corporation," the plaintiffs say CT Page 10118 Silent Hoist was properly served through its agent in Connecticut. Moreover, the plaintiffs contend that Silent Hoist was correctly identified as to its principal place of business and correct address. They further contend that Silent Hoist engaged an attorney and never challenged the court's personal jurisdiction over it within 30 days. Therefore, the plaintiffs argue, Silent Hoist has waived its right to challenge the validity of service. The plaintiffs also urge that Silent Hoist suffered no prejudice form the misnomer because it was otherwise properly identified, and because it admitted in response to interrogatories that it provided materials to Milford Crane.
Plaintiffs have also submitted Harry Wunsch's affidavit in which he avers personal knowledge of the allegations of the fraud and misrepresentation alleged in the complaint, and that the allegations are true.
The defendants have responded by supplemental memorandum, arguing that Harry Wunsch's affidavit is insufficient because it relies on "mere assertions of fact." They also continue to insist that there is not such entity as "Silent Hoist, a New York corporation." Finally, they argue that plaintiffs have failed to sustain their evidentiary burden regarding fraud and misrepresentation.
The plaintiffs have filed a supplemental response challenging the defendants' citations of law. They also argued that the affidavit of Eric Wunsch, in support of the summary judgment motion, was insufficient for failure to address the issue of fraud. Finally, plaintiffs assert that the evidentiary standards invoked by the defendants is the standard at trial, not for summary judgment.
 I.
Summary judgment is granted when the pleadings, affidavits and other proof submitted show there is no genuine issue of material fact. Conn. Practice Bk. Sec. 384; Catz v. Rubenstein,201 Conn. 39, 48-49, 513 A.2d 98 (1986). Mere assertions of fact are insufficient to refute evidence properly presented to the court. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8,12, 459 A.2d 115 (1983).
The moving party must show the nonexistence of a material CT Page 10119 fact, while the adverse party has the burden to disclose evidence showing the existence of fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984). Summary judgment is not granted when the moving defendant fails, by affidavit or otherwise, to refute, much less even to refer to, factual issues raised in the complaint. Fogarty v. Rashaw,193 Conn. 442, 445, 476 A.2d 582 (1984). There is a genuine issue of fact whenever fraud is alleged, even absent a counter-affidavit by the adverse party, because the movant/defendant "is the only person having knowledge of the particular facts involved." Batick v. Seymour, 186 Conn. 632, 646, 443 A.2d 471 (1982).
II. Statute of Limitations
Connecticut General Statutes Section 52-595, which creates the statute of limitations for fraudulent concealment of a cause of action, states:
 If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.
"In order to raise a claim of fraudulent concealment, the party challenging a statute of limitations must affirmatively plead it." Beckenstein v. Potter Carrier, Inc., 191 Conn. 150,160, 464 A.2d 18 (1983). When the challenged conduct consists of a continuing course of conduct, the statute does not run the course of conduct is completed. Handler v. Remington Arms Co., 144 Conn. 316, 321, 130 A.2d 793 (1957).
The plaintiffs have alleged wrongful conduct, including fraudulent concealment, sufficient to raise an issue of fact. The defendants are mistaken in their claim that the plaintiffs have failed to meet their burden of proof. The question in the present case is whether their remains an issue of fact, not whether the plaintiffs have proven their case.
In Bound Brooks Association v. Norwalk, 198 Conn. 660,666, 504 A.2d 1047 (1986), the court, citing Lippitt v. Ashley,89 Conn. 451, 480, 94 A. 995 (1915) and Zimmer v. G.E. Company,126 F. Sup. 690, 693 (D.Conn. 1954), did state that the plaintiff has the burden to prove that the defendant's actions CT Page 10120 ". . . must have been `directed to the very point of obtaining the delay [in filing the action] of which [they] afterward [seek] to take advantage by pleading the statute.'" Moreover, the court in Puro v. Henry, 188 Conn. 301, 311, 449 A.2d 176 (1983), held that proof of fraudulent concealment "must be clear, precise and unequivocal." These cases, cited by the defendants, involved, however, the evidentiary standard for proof at trial. The only burden at summary judgment is to show the existence or nonexistence of material fact.
Here, the plaintiffs have shown a genuine issue of material fact. The allegations of fraud in the complaint raise an inherently factual issue because the defendant "is the only person having knowledge of the particular facts" of the alleged fraud. Batick, supra, at 646. The present case is even stronger than Batick because the plaintiffs have submitted an affidavit which specifically addresses the fraud. Harry Wunsch averred personal knowledge of the particular allegations of the complaint. While, in other circumstances, such an affidavit might be inadequate, when combined with the rule of Batick it is sufficient. On the other hand, the movant's affidavit in support of the motion for summary judgment failed even to address the issue of fraud.
III. Misnomer
The plaintiffs argue that their identification of Silent Hoist as a New York corporation constitutes a meaningless misnomer because that defendant was served properly through its agent and was otherwise properly identified by its correct address. This position has merit.
In Pack v. Burns, 212 Conn. 381, 562 A.2d 24 (1989), the plaintiff sued the State Department of Transportation, but named the defendant "State of Connecticut Transportation Commission." The state moved to strike the complaint arguing that there was no State of Connecticut Transportation Commission. The court, however, permitted the plaintiff to correct the misnomer by amendment because the proper defendant was made aware of the action against it and suffered no prejudice. In determining whether the mistake was a mere misnomer, the court considered whether the defendants "(1) have actual notice of the institution of the action, (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice." Id. at 385. CT Page 10121
In the present case, Silent Hoist had actual notice, knew that it was a proper defendant, and was not misled. Silent Hoist was served through its agent, and, in fact, hired counsel who has defended it for two years. The only defect was the misidentification of Silent Hoist as a New York corporation rather than a Delaware corporation. The defendant has offered no information as to how this could make any possible factual difference in the issues in this case to its detriment. The plaintiffs have moved to correct this misnomer by amendment. There appears no basis to grant a summary judgment in favor of the defendant, Silent Hoist, on the basis of misnomer.
The defendants' motion for summary judgment is denied.
NIGRO, J.