[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
Both defendants in this case have moved to dismiss the case claiming lack of jurisdiction because of defective service.
Service was made on the defendant Kelly by abode service at 277 McGee Drive, Hamden, Connecticut, which is the home of his parents, and where Mr. Kelly resided until 1987. However, Mr. Kelly, a state police officer, had failed to notify the motor vehicle department of his change of address. Therefore, when the plaintiff made inquiry at that department she was given the address on McGee Drive. The process was delivered promptly to Mr. Kelly and he suffered no prejudice by virtue of the manner of service. The motion is denied as to the defendant Kelly. CT Page 1274
With respect to the defendant Department of Public Safety, the only claim made in support of the motion to dismiss is that service was improper because the attorney general was not served in accordance with General Statutes Section 52-64. Instead of serving the attorney general, service was made at the office of the defendant Department of Public Safety.
Section 52-64 reads in pertinent part as follows:
 "Service of civil process in any civil action . . . against any . . . department . . ., [may]** be made by leaving a copy of the process . . . with the attorney general. . . ."
It is the claim of this defendant that service of process in this case can be made only by serving the attorney general, as set forth in Section 52-64. The court does not agree.
The statute uses the word "may" which is generally not construed as being mandatory. An example of language which appears to be mandatory is found in General Statutes Section 52-62
concerning service on a nonresident in an action for negligent operation of a motor vehicle. Subsection (c) of that statute provides that "process . . . against a nonresident [shall]** be served . . . upon the commissioner of motor vehicles. . . ."
In addition, in the case of Pack v. Burns, 212 Conn. 381, which was a suit against the Commissioner of Transportation, the court noted, on page 383, that service of process was made upon and accepted by an employee of the commissioner. It is significant that no question was raised by anyone, including the Supreme Court, about the method of service. It is reasonable to assume that the parties and the Supreme Court in Pack saw nothing wrong with the method of service.
It is the opinion of the court that Section 52-64 merely affords a prospective litigant another method of service against a department of the state. This does not mean that service cannot also be affected by actually serving the department at its office, which was done in this case.
Accordingly, the motion to dismiss is denied as to both defendants.
William L. Hadden, Jr., Judge