[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT
By writ of summons and complaint dated May 2, 1995, the plaintiff, Elizabeth Graham, brought this action against West Farms Associates (West Farms) and "The Taubman Company, Inc." (Taubman) for personal injuries sustained on May 2, 1993. On that date, Graham alleges that she fell while entering the West Farms Mall. She alleges that the negligence of the defendants proximately caused her injuries.
The agent for service for Taubman is listed with the Connecticut Secretary of State as "CT Corporation System." On May 12, 1995, CT Corporation System refused to accept service of the writ of summons and complaint in this action. As a result of that refusal, it was discovered by Graham that Taubman had changed its name to "Taub-Co Management, Inc." (Taub-Co). The agent for service for Taub-Co is Corporation Service Company, located in Hartford, Connecticut. On May 16, 1995, a new writ of summons was prepared and attached to the original writ and complaint. The second writ and complaint named Taub-Co and Corporation Service Company. On May 16 and 17, 1995, the original writ of summons and complaint were served upon West Farms Associates and Taub-Co. The Sheriff appended to his return an affidavit certifying that the "original writ, summons and complaint" were placed in his hands on May 2, 1995. Both West Farms and Taub-Co filed answers on June 27, 1995. On November 13, 1995, Graham filed an amended complaint, naming Taub-Co as the defendant in the second count. On December 28, 1995, the defendants filed an answer to the amended complaint and alleged two special defenses. CT Page 5261-AAAAA
Count one of the amended complaint is directed at West Farms. Count two is directed at Taub-Co. Graham seeks damages for the negligence and carelessness of West Farms and Taub-Co.
On December 28, 1995, the defendants filed a motion for summary judgment, which was accompanied by a memorandum of law, a notice of filing request for admissions, and a copy of the Sheriff's affidavits. On February 29, 1996, Graham filed a memorandum of law in opposition to the motion. The memorandum was accompanied by the following documents: (1) a supplemental affidavit of Sheriff Joseph Musumeci, (2) the affidavit of attorney Michael J. Rose, (3) a display business summary of the Taubman Company, Inc., (4) a display name change of the Taub-Co Management, Inc., (5) a display business summary of Taub-Co, and (6) the affidavit of Sheriff Joseph Musumeci.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 662 A.2d 1001 (1995). "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202.
West Farms moves for summary judgment on the ground that the action was not commenced within the two-year statutory period. It contends that the injury occurred on May 2, 1993 and that the action was not commenced until May 16 and 17, 1995, more than two years after the date of injury. CT Page 5261-BBBBB
In response, Graham argues that the action against both defendants was commenced within the statutory period by putting the writ of summons and complaint in the hands of the sheriff and effectuating service of the first writ and complaint by May 17, 1995. Graham maintains that General Statutes § 52-593a
provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." (Emphasis added). Graham contends that the original writ, naming Taubman as defendant, was delivered to the sheriff on May 2, 1995. Because service of the original writ was effectuated within fifteen days thereafter, Graham argues that the provisions of § 52-593a
have been satisfied.
West Farms argues that Graham failed to satisfy the requirements of § 52-593a because "process" includes the complaint and writ of summons. West Farms maintains that the original writ was not the "process to be served," as it incorrectly named the defendant, Taub-Co, as Taubman. West Farms further argues that the process to be served, naming Taub-Co as defendant, was dated May 16, 1995. Because May 16, 1995 was more than two years after the date of the injury, West Farms argues that the summons could not have been delivered to the sheriff within the statutory period. Accordingly, West Farms maintains that it is entitled to summary judgment because the action is barred by § 52-593a.
Graham contends that where service is defective with regard to one defendant and proper service is made on another defendant, the defect as to one defendant does not create a defect as to all defendants. Graham, therefore argues that the service made upon West Farms was proper, and so the motion for summary judgment should be denied as to West Farms.
Graham further maintains that misstating the name of a defendant on a writ is not grounds for rendering the process void where the person and the cause of action may be rightly understood by the court. Here, Graham contends that it was clear that the defendant being sued was the entity which "owned, operated, maintained, possessed and controlled . . ." the Westfarms Mall. (Complaint, dated May 2, 1995, Second Count, CT Page 5261-CCCCC para. 2). Taubman was an earlier name for Taub-Co. Graham maintains that she sued the correct party, but simply misstated the most current name of that party on the original writ. This defect, Graham argues, was cured in a timely fashion and should not be fatal.
COUNT ONE
The court will first address West Farms' claim that the defective service made on Taub-Co renders its own service defective. In Bridgeport v. Debek, 210 Conn. 175, 179,554 A.2d 728 (1989), the court faced a motion for summary judgment by a group of defendants who had been properly served. Another group of defendants had been improperly served. The trial court stated that "the defendants who had been properly served could not prevail on their belated attempt to raise defective service as a defense." Bridgeport v. Debek, supra, 210 Conn. 179. Against this background, any defect in service of Taub-Co has no effect on the validity of service made on West Farms. There is, therefore, a genuine issue of material fact as to whether West Farms' negligence proximately caused Graham's injuries, and West Farms is not entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is denied as to the first count.
COUNT TWO
According to Practice Book § 49, process consists of the writ of summons, and it is accompanied by the complaint. Pursuant to Practice Book § 49, proper service of the writ of summons is a prerequisite to jurisdiction. In this case, the original writ was delivered to the sheriff on May 2, 1995. After discovering that the defendant had been incorrectly named, Graham attached a revised writ to the original writ and complaint and had these papers served on May 16 and 17, 1995. This second attempt at service, which included the correct writ, was successful.
General Statutes § 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if thePerson and the cause may be rightfully understood and intended bythe court." (Emphasis added). In Pack v. Burns, 212 Conn. 381,562 A.2d 24 (1989), the plaintiff sued the "State of Connecticut Transportation Commission." The plaintiff later amended the CT Page 5261-DDDDD complaint so that it was directed at the "Commissioner of Transportation." The court allowed the amendment, citing §52-123, stating that the commissioner had not been misled to his prejudice. It added that "[h]e (the Commissioner) has been represented by the same counsel throughout these proceedings and has fully participated in the defense of the action. Pack v.Burns, supra, 212 Conn. 386. The court further stated that "the statute is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process. . . . In our view, the designation of the transportation commissioner as the transportation commission is a defect in the text of the writ falling squarely within the purview of [§] 52-123." Id.
In the present case, the original writ and summons delivered to the sheriff listed the defendant as Taubman, not Taub-Co. The original complaint, moreover, was clearly directed at the party which "owned, operated, maintained, possessed and controlled . . ." the Westfarms Mall. (Complaint, dated May 2, 1995, Second Count, para. 2). Taub-Co admitted that it "operated, maintained, possessed and controlled" Westfarms Mall. (Answer and Special Defenses to the Amended Complaint Dated November 7, 1995). There can be no question about whom Graham intended to sue. Taub-Co certainly knew that it operated and managed Westfarms Mall, and so it could not have been misled by the use of the old corporate name, Taubman, on the original writ. The error of naming Taubman instead of Taub-Co was simply "a defect in the text of the writ falling squarely within the purview of [§] 52-123." Pack v. Burns, supra, 212 Conn. 386.
The case cited by West Farms, Gallop v. Commercial Leasing,42 Conn. Sup. 187, 612 A.2d 826 (1992), is distinguishable from the present case. In Gallop, supra, the attorney delivered the writ and summons to the sheriff on October 2, 1990. After discovering that the defendant was incorrectly named in the writ, the sheriff returned the writ to the plaintiff's attorney. The revised writ was not served until October 29, 1990, more than fifteen days after the original date of delivery to the sheriff. This service did not comply with § 52-593a. In the present case, the defect in the original writ was harmless; Graham's intent was clear; and service of that writ took place within fifteen days after delivery. There remains a genuine issue as to whether Taub-Co's negligence proximately caused Graham's injuries. Taub-Co is not entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is denied as to both CT Page 5261-EEEEE counts one and two.
Mary R. Hennessey, Judge