[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The within action presents a complex set of circumstances, giving rise to this Motion for Summary Judgment.
The plaintiff brought this action against three parties, whom it claimed were the owners, managers and landlords of the premises on which she sustained personal injuries in a fall down accident on March 20, 1992. The plaintiff also named "John Doe" is an unknown party whom the plaintiff claimed was responsible for snow and ice removal at said premises. Service on the known and named parties was accomplished by the sheriff. Obviously the fictitious name could not be served by the sheriff.
On May 9, 1994 the Court, Judge Corradino, granted the plaintiff's motion for permission to substitute the name of "George Granger Construction Co." for John Doe. No further service of process was requested by the plaintiff, nor was it ordered by the court. The plaintiff then filed the amended complaint with the substituted name.
The first contention of the defendant George Granger Construction Co. in this motion for summary judgment on the basis of the expiration of the statute of limitations is that the use of fictitious names is not sanctioned in this state. There is authority in this state for the use of fictitious names in limited circumstances. "The privilege of using fictitious names in actions should be granted only in rare CT Page 1826 cases where the nature of the issues litigated and the interest of the parties demand it and no harm can be done to the public interest." Burton v. Ullman, 147 Conn. 48, 60
(1959). See also Pach v. Burns, 212 Conn. 381, 395 (1989) wherein the Supreme Court establishes three criteria, to wit: (1) that the defendant have actual notice of the institution of the action; (2) knew it was the proper defendant in the action; and (3) was not in any ways misled to its prejudice. See also Barber v. City of Hartford, et al., Superior Court, Hartford et al., Superior Court, Hartford Case #CV93-529115 (1993).
This Court presumes that the Court, when allowing the substitution of names, had properly taken into consideration those criteria. No affidavit is submitted to this court by the defendant to factually address those criteria. This Court will not re-visit the prior determination of the court, Corradino, J., allowing the substitution of names. That decision stands as the law of the case. The motion for summary judgment cannot be granted.
It is further noted that the defendant "George Granger Construction Co." has been formally summoned to appear by virtue of service of process of the amended complaint setting forth the revised name. Hence this defendant does formally have the "opportunity to defend" which could otherwise be a constitutional problem in a hypothetical John Doe type of circumstance.
For the reasons set forth herein, the motion for summary judgment is denied.
L. Paul Sullivan, J.