[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND COMPLAINTTO CORRECT MISNOMER
One of the defendants against whom this action was commenced is the town of Mansfield. The summons lists the town as a defendant. The sheriff's return reveals that process was served against the town by serving the assistant town clerk. Hence process was properly served against the town.
 I
The plaintiff moves to amend the complaint by identifying the town as Town of Mansfield in its capacity as part of Region 19 Education District. The causes of action against town would remain the same as alleged in the original complaint. The town is the town. Whether it has responsibilities under General Statutes § 7-101a (d) and/or General Statutes § 52-557 or by virtue of it being a town, either in and of itself, or by virtue of it being "part of Region Education District" as alleged by plaintiff is immaterial. The plaintiff shall be entitled to plead and to attempt to prove that the town has certain responsibilities arising out a special relationship with others, under these statutes. Proper pleading would dictate that if this status forms the basis for the claims being asserted against the town it should be specifically pleaded, in fairness to the defendant.
The court grants the motions of the plaintiff to allege a relationship between the town and the Board of Education. The court does not pass on the viability of any such claim.
 II
The plaintiff moves to amend the complaint to "correct a misnomer" so as to bring the action against one Bruce Silva "in his capacity as Superintendent of Schools and/or Regional 19 Board of Education." The proposed amended complaint dated August 22, 1997 appears to eliminate Gordon Schimmel "in his capacity as Superintendent of Schools and/or Regional 19 Board of Education", CT Page 11616 although the attached "Third Revised Complaint" appears to retain Schimmel and to not contain Silva. The court assumed that this is a clerical error as the motion clearly seeks to change from Schimmel to Silva.
Gordon Schimmel, Superintendent of Schools was named as a defendant in the original writ and summons, and the sheriff's return reveals that he was served in hand. Bruce Silva was not named as a defendant in the original writ and summons, although the sheriff's return reveals that he was the person upon whom service was made to accept process for the defendant "Region 19 Board of Education."
The plaintiff takes the position that because he now believes that Bruce Silva was the superintendent of schools for the grade level relevant to the action, and that Mr. Schimmel was not the superintendent for the grade levels in the action, he should be entitled to substitute, by notice, Mr. Silva in place of Mr. Schimmel.
The plaintiff relies to a significant extent on the case ofPack v. Burns, 212 Conn. 381 (1989) in support of his contention. That case is clearly distinguishable. Rather than to name as defendants "the commissioner of transportation" that plaintiff named "State of Connecticut Transportation Commissioner", as entity which did not exist.
The test applied by the court is whether "it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution in entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." Pack v. Burns, supra, P. 384-385. See also Kaye v.Manchester, 20 Conn. App. 439, 445 (1990).
Unquestionably Mr. Schimmel and Mr. Silva are two separate individuals, both of whom are individually capable of being sued. This count is brought under the provisions of General Statutes § 7-101a, captioned "Protection of municipal officers and municipal employees from damage suits." The statutes does not provide for a direct action against the municipality separate and apart from its obligations to protect and save harmless municipal employee who has been served.
Naming and serving, and intending to serve a particular person, who may later turn out to be the wrong person is not a CT Page 11617 "circumstantial defect" covered by or intended to be covered by General Statutes § 52-123.
The motion to "correct a misnomer" so as to substitute Mr. Silva for Mr. Schimmel by substituting the names is denied. The court take no position beyond this motion, as to whether, or what procedures may be available to bring in new parties, or whether the plaintiff may have a remedy under General Statutes §52-593.
L. Paul Sullivan, J.