[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT #125
On September 29, 1994, the plaintiffs, Alice Riley and Robert Riley, were involved in a motor vehicle accident allegedly caused by the negligence of Althea Murray. Althea Murray died on January 14, 1996. Subsequently, on March 12, 1996, Lynne A. Long was appointed executrix of the estate of Althea Murray. The plaintiffs filed a three count complaint, sounding in negligence, against Althea Murray on September 10, 1996. On September 26, 1996, service of process for the lawsuit was made upon Lynne A. Long, executrix.
On January 31, 1997, the plaintiffs filed a motion to substitute Lynne A. Long, executrix, as the party defendant. The defendant, Althea Murray, filed both an objection to the plaintiffs' motion and a motion to dismiss the complaint on February 24, 1997. Both the defendant's objection and the motion to dismiss claimed that the lawsuit was commenced against a deceased person and as such this court could not hear the case. On March 3, 1997, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to dismiss and an amended CT Page 736 complaint naming Lynne A. Long, executrix of the estate of Althea Murray, as the defendant. The plaintiffs' memorandum claimed that General Statutes § 52-123 permits such an amendment to the summons and complaint. On April 14, 1997, this court denied the defendant's motion to dismiss and overruled the defendant's objection; thus permitting the amended complaint.
Before the court is the motion for summary judgment filed by the defendant, Lynne A. Long, on September 18, 1997. The basis for the motion is that the complaint is barred by the applicable statute of limitations, General Statutes § 52-584. Pursuant to Practice Book § 380, the defendant filed a memorandum of law in support of the motion. On October 15, 1997, the plaintiffs filed a memorandum of law in opposition to the defendant's motion for summary judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgement, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . (Citations omitted; internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 203, 663 A.2d 1001 (1995). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v.Mucci, 238 Conn. 800. 806, 679 A.2d 945 (1996).
In support of the motion for summary judgment, the defendant argues that the plaintiffs' claims are barred by the two-year statute of limitations under § 52-584. According to the defendant, the motor vehicle accident in question occurred on September 29, 1994 and Althea Murray died on January 14, 1996. Also, the defendant's motion states that she was appointed executrix of Althea Murray's estate on March 12, 1996 and that the plaintiffs' complaint was served upon her, as executrix, on September 26, 1996. The defendant notes, however, that the original summons and complaint served did not name her as the defendant. Rather, the defendant emphasizes that the only named defendant was Althea Murray. The plaintiffs' amended complaint filed on March 3, 1997 does not relate back to the original complaint, according to the defendant, because the amended complaint added her as a new party. Moreover, the defendant contends that because the original complaint was commenced against a deceased person it did not state a cause of action. As CT Page 737 such, the defendant claims that any amendment necessarily stated a new cause of action that could not relate back to the date of the original complaint.
The plaintiffs argue that this court should not grant the motion for summary judgment because the proper party was served with the original summons and complaint. According to the plaintiffs, the misdescription of the defendant in the original summons and complaint was a circumstantial defect correctable under § 52-123. For support of their argument, the plaintiffs note this court's decision to deny the defendant's motion to dismiss and to allow the amended complaint. In fact, the plaintiffs contend that the issue the defendant raises in her motion for summary judgment is the same issue raised by the motion to dismiss which was decided against her. Finally, the plaintiffs argue that the test used to determine whether an amendment is correcting a misnomer or substituting a new party results in the conclusion that the amended complaint merely corrected a misnomer.
The first issue to be determined by this court is when the statute of limitations expired. Neither party disputes the fact that the accident in question occurred on September 29, 1994. General Statutes § 52-584 provides a two-year period, from the date when the injury is first sustained, to bring such an action. Accordingly, under ordinary circumstances the statute of limitations would have expired on September 29, 1996. It is well established, however, that the death of an alleged tortfeasor tolls the statute of limitations until a fiduciary of her estate is properly appointed and qualified. Lydem v. Feldman,36 Conn. Sup. 121, 123, 414 A.2d 202 (1979). Althea Murray died on January 14, 1996. Lynne A. Long was appointed as executrix of Althea Murray's estate on March 12, 1996. The statute of limitations was tolled during the nearly two months between Althea Murray's death and the appointment of Lynne A. Long as executrix of Althea Murray's estate. Subsequently, the statute of limitations expired on or about November 27, 1996.
Next, this court must address whether the plaintiffs commenced their action by November 27, 1996. Both parties agree that an action was commenced on September 26, 1996. The relevant inquiry is whether such action was in fact against Lynne A. Long in her capacity as executrix of Althea Murray's estate. Neither party disputes that the writ, summons, and complaint to the September 26, 1996 action failed to cite Lynne A. Long as a named CT Page 738 defendant. Furthermore, there is no dispute that September 26, 1996 is the date when service of process was made upon Lynne A. Long. The issue in dispute is whether the March 3, 1997 amended summons and complaint, citing Lynne A. Long as a party, constituted the addition of a new party pursuant to General Statutes § 52-108 and its counterpart Practice Book § 100, or whether it constituted the correction of a circumstantial defect described in § 52-123. If the amended complaint added a new party, it will not relate back to the date of the original complaint. Pack v. Burns, 212 Conn. 381, 384-85, 502 A.2d 64
(1989). As such, the plaintiffs' amended complaint would be barred by the statute of limitations because it was filed more than three months after the statute of limitations expired. Conversely, if the amended complaint is deemed to be the correction of a defect in description, the amended complaint would relate back and would not be barred.
Lurking beneath the issue at hand is this court's previous decision to deny the defendant's motion to dismiss and grant the plaintiffs' motion to amend the complaint. Since the motions related to the same underlying issue, this court treated them together. Inherent in this court's decision was a determination that the original summons and complaint mistakenly described Althea Murray as the defendant rather than Lynne A. Long, executrix of Althea Murray's estate. Moreover, such a determination acknowledged that the complaint was not a nullity but rather fell within the purview of General Statutes §52-123. For purposes of the present motion for summary judgment, this court provides the following analysis of whether the amended complaint introduced a new party or simply corrected a misnomer in describing the party originally summoned to the court.
In Pack v. Burns, 212 Conn. 381, 385, 562 A.2d 24 (1989), the Connecticut Supreme Court considered the following three factors in determining if an amendment simply corrects a misnomer, rather than substitutes a new party. They are that the proper party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice. (Citation omitted; internal quotation marks omitted.) Pack v. Burns, supra,212 Conn. 385.
In the matter before this court, it is evident that the plaintiffs intended to sue the executrix of Althea Murray's estate and that the executrix knew that she was the intended CT Page 739 defendant. First, service of process that began the action was made upon Lynne A. Long, executrix, by leaving a verified true and attested copy of the writ, summons, and complaint in the hands of Lynne A. Long on September 26, 1996. Moreover, Lynne A. Long knew of her responsibility as fiduciary to process the claim and the potential liability of the estate upon the claim, as evidenced by her § 45a-397 filing. Finally, Lynne A. Long, as executrix of the estate of Althea Murray, has not been misled to her prejudice. She has been represented by the same counsel throughout these proceedings and has fully participated in the defense of this action. Furthermore, she has made no claim of prejudice.
Based on this analysis, the designation of Lynne A. Long as the defendant was the curing of a defect that fell squarely within the purview of § 52-123. As such, the original complaint was not a nullity brought against a deceased tortfeasor, rather it was a complaint with an amendable defect. The amended complaint cured this defect. Thus, the amended complaint relates back to the date of the original complaint and is not barred by the statute of limitations. Accordingly, the defendant's motion for summary judgment is denied.
HON. WALTER M. PICKETT, JR. State Trial Referee