[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant, Honor S. Heath, has filed a motion for summary judgment, pursuant to Practice Book § 379 et seq., now Practice Book (1998 Rev.) § 17-44 et seq., on the basis that the plaintiff's complaint against her was not brought within the two-year statute of limitations provided in General Statutes § 52-584.[1]
"Practice book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Thompson Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue . . . [S]ee Practice Book §§ 380 and 381 [now Practice Book (1998 Rev.) §§ 17-45 and 17-46]." (Internal quotation marks omitted.) Beers v. Bayliner MarineCorp. , 236 Conn. 769, 771 n. 4, 675 A.2d 829 (1996). "To oppose a CT Page 14178 motion for summary judgment successfully the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents." (Internal quotation marks omitted.) Connecticut National Bank v. Great Neck DevelopmentCo., 215 Conn. 143, 148, 574 A.2d 1298 (1990).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806,679 A.2d 945 (1996).[2]
Heath asserts that the plaintiff's original complaint was brought on May 2, 1997 against Delores Llorens, driver of the automobile involved in the underlying accident, and Charles Heckman, alleged owner of the automobile driven by Llorens. On August 31, 1998, the plaintiff filed a motion to cite in a party defendant because the plaintiff discovered that the automobile was registered in the name of Heath, Heckman's wife, and not in Heckman's name. On October 8, 1998, the plaintiff refiled her complaint, removing Heckman as a defendant and substituting Heath. According to the complaint, the automobile accident at issue occurred on June 3, 1995.
Heath argues that because the complaint against her was brought more than two years from the date of the accident, the plaintiff has failed to comply with the statute of limitations and she is therefore entitled to summary judgment.
"An amended complaint, if permitted, relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action . . . While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted . . . If the amendment does not affect the identity of the party sought to be described in the complaint, but merely corrects the description of that party, the amendment will be allowed." (Citations omitted; internal quotation marks omitted.)Kaye v. Manchester, 20 Conn. App. 439, 444, 568 A.2d 459 (1990). "The effect given to . . . a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Internal quotation marks omitted.) Pack v. Burns, 212 Conn. 381, 384, CT Page 14179562 A.2d 24 (1989).
It is evident that Heath was not cited into the case merely for the purpose of correcting a misnomer or defect in description; rather, Heath was cited in to substitute for Heckman to change a party that was improperly named as a defendant. The amendment does affect the identity of the party. It is not a mere misdescription of a party. While it may be that the plaintiff may, through other remedial statutory means, join the right individual defendant, it cannot be done by amendment made after a motion to cite in a new party. The complaint against Heath is barred by the statute of limitations, General Statutes § 52-584. Summary judgment is therefore granted in favor of Heath.
Flynn, J.