[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO AMEND
This is an appeal from the Probate Court of the District of East Hartford. The Administrator of the Estate of Walter E. Doak, Albert W. Doak, has moved to dismiss the probate appeal brought by the plaintiff, Ricardo R. Dostie, Jr., on the basis that the Court lacks subject matter jurisdiction because the appeal was brought in the name of the Estate of Walter E. Doak which is not a legal entity, and it should have been brought in the name of Albert W. Doak, Administrator of the Estate of Walter E. Doak. It is true that the Estate of Walter E. Doak is not a CT Page 16169 legal entity. However, the plaintiff claims that the failure to name the administrator as the defendant is a circumstantial defect within the meaning of CGS Section 52-123 which states: "No writ, pleading, judgment or any kind of proceeding in Court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the Court."
The decree allowing appeal from probate dated March 16, 2000 from the probate court listed the Estate of Walter E. Doak, late of East Hartford. Even though this document was prepared by the plaintiff's attorney, it is still an official document of the probate court. George v. St. Ann'sChurch, 182 Conn. 322, 324 (1980) in referring to the right to appeal under CGS Section 45-288 states "a right to appeal which cannot be defeated by any omission of the probate court". This Court finds that the decree allowing appeal from probate naming the Estate of Walter E. Doak was an omission of the probate court. However, the motion for appeal from probate dated March 16, 2000 also is incorrect by naming the Estate of Walter E. Doak. In George v. St. Ann's Church, supra at page 324, the Court states "therefore, the failure to name an adverse party in a probate appeal does not deprive the Superior court of subject matter jurisdiction".
This Court finds that the failure to name the administrator of the estate as the defendant in the appeal is a circumstantial defect. The plaintiff had thirty days in which to appeal the decision of the probate court issued on March 3, 2000. Albert Doak was not appointed administrator of the estate within that thirty day time period, so the plaintiff had no alternative but to name the estate instead of the administrator since there was no administrator to name. It is true that the plaintiff was the temporary administrator of the estate, but it is certainly understandable that because of ethical considerations the plaintiff was reluctant to appeal as an individual against himself as the temporary administrator. Further, it is clear that the person and the cause was. rightly understood and intended by the Court thereby complying with Section 52-123 of the General Statutes. In addition, service of process was made upon and accepted by Albert Doak. For these reasons alone, the Court finds the circumstances such that failure to name the administrator of the estate is a circumstantial defect.
The Court so ruled in the initial hearing on the motion to dismiss, where because of accident or mistake, the defendant's attorney was not present. The Court then vacated its decision on the motion to dismiss and allowed both parties to present oral argument and furnish appropriate briefs. CT Page 16170
At the hearing held on December 4, 2000, the parties in interest, Albert W. Doak and Kathleen O'Brien Lowell, filed a reply to the plaintiff's memorandum of law in opposition to the motion to dismiss. In that memorandum said parties in interest claim that it is well established that CGS Section 52-123 applies broadly to any writ issued in a civil action further claiming that it does not apply to special process such as the writ of mandamus and process that does not require a writ at all, such as probate appeals.
The controlling case on this issue is one cited by said parties in interest, namely Andover Limited Partnership I v. Board of Tax Review ofthe Town of West Hartford, 232 Conn. 392, 394, 396, 397, 399, 401
(1995). Said case was an appeal from the assessment of real estate taxes brought to the Superior Court. The plaintiff had named the Board of Tax Review instead of the Town in the citation. The trial court had granted a motion to dismiss because of the improper naming of the defendant. The Supreme Court in reversing set forth three factors to determine whether the error was a misnomer and, therefore, a circumstantial defect: "(1) Whether the proper defendant had actual notice of the institution of the action; (2) Whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) Whether the proper defendant was in any way misled to its prejudice" citing Pack v. Burns,212 Conn. 381 (1989) ID 397. This Court finds that the proper defendant, Albert W. Doak, was the proper defendant and had actual notice of the institution of the action; said defendant, Albert W. Doak was the proper defendant and he knew or should have known that he was the intended defendant in the action, and said defendant was not in any way misled to his prejudice.[1] Further, as stated in Andover "Section 52-123 is a remedial statute, and, therefore, it must be liberally construed in favor of those whom the legislature intended to benefit'" ID 396. As to the claim of the interested parties that Section 52-123 applies only to writs, the Andover court stated that ". . . [A] citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day" footnote 2, Id. 394. The Andover
court also stated: "the statute applies broadly to any writ issued in a civil action, and a citation, by definition, is a writ". (Emphasis added). ID 396.
This Court finds that the decree allowing appeal from probate dated March 16, 2000 and the motion for appeal from probate of the same date and the summons to any proper officer of the same date ordering service of the aforementioned documents upon the interested parties, including Albert Doak and Kathleen O'Brien Lowell, constitute a citation and, therefore, a writ issued in a civil action. The Andover court further stated: "We concluded that amendment of process to correct a return date CT Page 16171 must be permitted as a remedial measure under General Statutes Section52-72 . . . In addition, we concluded that the language `any court shall allow a proper amendment to civil process' is mandatory rather than directory and we directed the trial court to grant the plaintiff's request to amend process. Citations omitted. Section 52-123 is acomparably worded, remedial statute to which the same principles apply."Id. 399. Emphasis added.
Finally, the Andover court concluded as to its case as follows: "We conclude that the naming of the board instead of the town was a circumstantial, error, mistake or defect under Section 52-123. We further conclude that because the language of Section 52-123 "[n]o writ . . . shall be . . . set aside . . . for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court' — is mandatory rather than directory, the plaintiff was entitled to correct its error by amendment.
Based upon the decision in Andover supra, which is similar to the case at bar, the Motion to Dismiss is denied, and the plaintiff's Motion to Amend dated November 22, 2000 is granted.
Rittenband, JTR