[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE OBJECTION #135
Presently before the court is the defendants' objection to the plaintiff's request for leave to amend the summons and complaint pursuant to General Statutes § 52-123.[1] The court must consider three factors in determining whether an amendment to the complaint and summons simply corrects a misnomer or, rather, substitutes a new party. AndoverLtd. Partnership I v. Board of Tax Review, 232 Conn. 392, 397, 655 A.2d 759
(1995); Pack v. Burns, 212 Conn. 381, 385, 562 A.2d 24 (1989). "They are that the proper party defendant (1) have actual notice of the institution of the action; (2) knew that it was the proper defendant in the action, and (3) was not in any way misled to its prejudice." (Internal quotation marks omitted.) Pack v. Burns, supra, 385. If "[t]he change made by the amendment [does] not affect the identity of the party sought to be described, but merely [makes] correct the description of the real party sued . . . it [does] not substitute or bring in a new party." (Internal quotation marks omitted.) Id., 384. In such circumstances, the amendment will be allowed pursuant to § 52-123, and the amendment will relate back to the timely service of the original writ, summons and complaint within the statute of limitations. Id. "`Whether the plaintiff has misconstrued the identity of his or her intended defendant or merely the intended defendant's legal name or nature is a question that may be answered only after all the circumstances have been examined.' Lussierv. Dept. of Transportation, [228 Conn. 343, 351, 636 A.2d 808 (1994)]."Brennan v. Fairfield, 255 Conn. 693, 707, 768 A.2d 433 (2001).
The court does not question that the plaintiff undoubtedly did not intend to sue a nonentity and intended to sue Alice Washton in her representative capacity as executrix of the estate of A. A. Washton. Application of the above enumerated three factors to the present case, however, establishes that the plaintiff's amendment must be disallowed.
As to the first two factors, the plaintiff speculates that Alice Washton must have received actual notice of the action and must have known that she was the proper party in the case. The plaintiff bases this CT Page 11424 speculation on the fact that the original writ, summons and complaint, improperly naming the nonexistent entity of "Estate of A. A. Washton," was served in hand on August 1, 2000, on Attorney Lawrence J. Greenberg, whom the plaintiff knows to have represented Alice Washton in her capacity as executor of the estate of A. A. Washton in other legal matters involving the estate independent of this action.
"The court recognizes that once an action is instituted against a party, service may in some cases be made on an attorney who has appeared on behalf of a client. In general, however, an attorney is not authorized by general principles of agency to accept service of original process on behalf of a client. . . . In the absence of a controlling statute, an attorney may not, without express authority, accept or waive service of original process by which jurisdiction of the court over the person of the client is first established. . . . The burden of establishing that the authority to receive process exists between the person served and the defendant lies with the plaintiff." (Internal quotation marks omitted.)Dept. of Social Services v. Butler, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 367868 (July 28, 2000,Skolnick, J.) (27 Conn.L.Rptr. 670, 671); see also Sodhi v. NationwideMutual Ins., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 96 564554 (March 10, 1998, Mulcahy, J.); Georgev. Delpo, Superior Court, judicial district of Waterbury, Docket No. CV 94 124137 (January 2, 1997, Pellegrino, J.) (18 Conn.L.Rptr. 519, 519-20).
In the present case, the plaintiff has neither established that Attorney Greenberg had express authority to accept service of original process on Alice Washton's behalf nor pointed to any controlling statutory authority that would allow such service. Attorney Greenberg has never appeared in this case, nor has any other attorney ever appeared on Alice Washton's behalf. As such, this is not a situation of the plaintiff improperly naming a defendant but nevertheless properly effecting service of process on the correct, intended one — the type of situation to which § 52-123 has been held to apply. See, e.g., Andover Ltd.Partnership I v. Board of Tax Review, supra, 232 Conn. 400; Lussier v.Dept. of Transportation, supra, 228 Conn. 349; Pack v. Burns, supra,212 Conn. 385-86; Ousroui v. Farley, Superior Court, judicial district of Danbury, Docket No. CV 01 342735 (September 17, 2001, Radcliffe, J.). The court therefore cannot conclude that Alice Washton has had actual notice of this lawsuit or knows that she is a proper party.
Moreover, to allow the plaintiff's amendment at this late date would cause undue prejudice and delay. The plaintiff was first put on notice that it had improperly sued a nonentity nearly two years ago when, on or CT Page 11425 about October 26, 2000, the appearing individual defendants filed, and this court granted, a motion to dismiss the action against the "Estate of A.A. Washton." Thereafter, on February 14, 2001, the plaintiff filed a motion to substitute Alice Washton for the "Estate of A. A. Washton." The plaintiff cited no legal authority for his motion, and the certification page does not indicate that Alice Washton was served or otherwise provided notice of the motion. That motion was denied by this court on March 9, 2001. Now, over a year later and on the eve of trial, the plaintiff once again attempts to name Alice Washton as a defendant, this time by amendment of the summons and complaint. Again, the certification page of the request to amend fails to indicate that Alice Washton was served or otherwise provided notice of this latest attempt to bring her into this action.
The court concludes that under the facts and circumstances of this case the plaintiff has not sustained his burden of proving that Alice Washton has had actual notice of the institution of this action or knowledge that she is the intended defendant. In addition, the addition of Alice Washton as a new party at this late date would severely interfere with and delay the already established scheduling order and the trial date set for September 18, 2002. Accordingly, the defendants' objection to the plaintiff's request to amend is sustained.
D. Michael Hurley, JTR