## ANDOVER LIMITED PARTNERSHIP I *v.* BOARD OF TAX REVIEW OF THE TOWN OF WEST HARTFORD (15081)

PETERS, C. J., and BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued January 5—decision released March 14, 1995

*I. Milton Widem*, with whom was *Ann M. Siczewicz*, for the appellant (plaintiff).

*Elizabeth Dee Bailey*, assistant corporation counsel, with whom, on the brief, was *William Mastrogiovanni, Jr.*, legal intern, for the appellee (defendant).

BERDON, J. The sole issue in this appeal is whether, in a tax assessment appeal under General Statutes § 12-117a, the plaintiff's designation of the board of tax review of the town of West Hartford instead of the town of West Hartford as the defendant deprived the trial court of subject matter jurisdiction. We conclude that it did not and therefore reverse the judgment of the trial court.

The following facts are undisputed. The plaintiff, Andover Limited Partnership I, commenced this action to challenge a decision by the board of tax review of the town of West Hartford (board) affirming a 1989 tax assessment on improved real property owned by the plaintiff and located at 630 Oakwood Avenue in the town of West Hartford (town). On July 24, 1990, the plaintiff filed an application with the trial court appealing the decision.[1] The application included a

---

[1] General Statutes § 12-117a provides in pertinent part: "Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. Such citation shall be signed by the same authority and such appeal shall be returnable at the same time and served

citation[2] and recognizance that the plaintiff had served upon the assistant town clerk pursuant to General Statutes § 52-57 (b) (1),[3] naming the "Board of Tax Review of the Town of West Hartford" as the defendant. On October 9, 1990, the plaintiff amended the appeal to include the 1990 assessment of the property at 630 Oakwood Avenue. The plaintiff amended the appeal again on October 17, 1991, and November 6, 1992, to include assessments for the years 1991 and 1992, respectively.

The town filed an appearance on August 21, 1990, "for *all defendants*" (emphasis in original) in the action and subsequently filed an answer to the complaint on August 28, 1991, that was signed "Defendant, Town of West Hartford." Two years later, on September 20, 1993, the town filed a motion to dismiss pursuant to Practice Book § 143,[4] claiming that the court lacked

and returned in the same manner as is required in case of a summons in a civil action. The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises. . . ."

[2] "[T]he citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specified day. 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 18." *Tolly* v. *Dept. of Human Resources,* 225 Conn. 13, 18, 621 A.2d 719 (1993).

[3] General Statutes § 52-57 provides in pertinent part: "MANNER OF SERVICE UPON INDIVIDUALS, MUNICIPALITIES, CORPORATIONS, PARTNERSHIPS AND VOLUNTARY ASSOCIATIONS. . . .

"(b) Process in civil actions against the following-described classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen . . . ."

[4] Practice Book § 143 provides in pertinent part: "[MOTION TO DISMISS]—GROUNDS

"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record."

subject matter jurisdiction to hear the case. The town contended that § 12-117a requires a plaintiff to include the town in the citation and that the plaintiff's failure to name the town, rather than the board, as the defendant constituted a defect that deprived the court of subject matter jurisdiction. On September 24, 1993, the plaintiff filed a request for leave to amend the citation and recognizance pursuant to General Statutes § 52-123[5] in order to name the town, rather than the board, as defendant. The town objected to the request on October 8, 1993, contending that § 52-123 is not available to cure a defect that implicates subject matter jurisdiction.

The trial court strictly construed § 12-117a to require that the citation name the town, and determined that the plaintiff's failure to do so constituted a jurisdictional defect that was not curable by amendment. Accordingly, the trial court granted the town's motion to dismiss. The plaintiff appealed from the decision of the trial court to the Appellate Court, and the appeal was transferred to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

In order to determine whether the plaintiff's failure to name the town as the defendant in its citation was fatal to its cause of action,[6] despite proper service of the citation upon the assistant town clerk of West Hart-

[5] General Statutes § 52-123 provides: "CIRCUMSTANTIAL DEFECTS NOT TO ABATE PLEADINGS. No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

[6] Under § 12-177a the plaintiff had two months within which to appeal the board's decision and, although the date of the decision is not included in the record, the application to appeal apparently was timely filed on July 24, 1990. If the trial court's dismissal is upheld, however, the plaintiff will be unable to reinstitute this action because the deadline to make such application has long passed. Therefore, such an outcome would be fatal to the plaintiff's cause of action.

ford, we must look to the controlling statutes. Because statutory interpretation is a question of law, our review is de novo. See, e.g., *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 350–53, 636 A.2d 808 (1994); *Pack* v. *Burns*, 212 Conn. 381, 384–86, 562 A.2d 24 (1989).

Section 12-117a requires that in order to appeal from a decision of a town's board of tax review, the aggrieved party must "make application . . . to the superior court for the judicial district in which such town . . . is situated, which shall be accompanied by a citation to such town . . . to appear before said court." Although the plaintiff acknowledges that it did not strictly comply with the statutory requirements, it contends that the error was a nonfatal misnomer that constitutes a circumstantial mistake, error or defect and is curable by § 52-123. The town, however, argues that because the plaintiff named the wrong party as the defendant in its citation, the error constituted a defect that deprived the court of subject matter jurisdiction, and the action was properly dismissed.

Section 52-123 is a remedial statute and therefore it must "be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 623, 642 A.2d 1186 (1994); 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 35, pp. 137–38 n.608. The statute applies broadly to any writ issued in a civil action, and a citation, by definition, is a writ.[7] Therefore, in this civil action, the plaintiff may invoke § 52-123 to amend the citation at issue if its error may be construed as "circumstantial."

We previously have explained that § 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer or

[7] See footnote 2.

misdescription in an original writ, summons or complaint. *Pack* v. *Burns*, supra, 212 Conn. 381. In *Pack*, the plaintiff initially named as the defendant the "State of Connecticut Transportation Commission," a nonexistent entity, but then properly served notice of the claim on the commissioner of transportation, as required by General Statutes § 13a-144.[8] We determined that "[t]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Internal quotation marks omitted.) Id., 384–85. In *Pack*, we first considered whether the plaintiff had intended to sue the proper party or whether it had erroneously misdirected its action. Id., 385; see also *Motiejaitis* v. *Johnson*, 117 Conn. 631, 636, 169 A. 606 (1933) (plaintiff permitted to amend writ after verdict, but before judgment to properly name intended defendant). Second, we considered three factors to determine whether the error was a misnomer and therefore a circumstantial defect under § 52-123: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice. *Pack* v. *Burns*, supra, 385. We concluded in *Pack* that the plaintiff was entitled to amend the named defendant under § 52-123 because the plaintiff had intended to sue the commis-

---

[8] General Statutes § 13a-144 provides in pertinent part: "DAMAGES FOR INJURIES SUSTAINED ON STATE HIGHWAYS OR SIDEWALKS. Any person injured . . . through the neglect or default of the state . . . may bring a civil action to recover damages sustained thereby against the commissioner [of transportation] . . . . No such action shall be brought . . . unless notice of such injury . . . has been given in writing within ninety days thereafter to the commissioner. . . ."

sioner, and because the commissioner, who was not prejudiced by the error, knew he was the intended defendant. Id., 385–86.

Similarly, in *Lussier* v. *Dept. of Transportation*, supra, 228 Conn. 343, we permitted the plaintiff to amend a summons that misnamed the intended defendant. In *Lussier*, the plaintiff named the "State of Connecticut, Department of Transportation" as the defendant on the civil summons form instead of the commissioner, as required by § 13a-144. The commissioner was properly named in the complaint, however, and was provided with proper notice of the action. As in the case before us, the plaintiff argued that it merely had stated the defendant's name incorrectly. The defendant argued that the wrong entity had been named as defendant and that the court, therefore, had no subject matter jurisdiction. Id., 350. We distinguished these two categories of error, stating that "[t]he first, involving a defendant designated by an incorrect name, is referred to as a 'misnomer.' It is a circumstantial defect anticipated by General Statutes § 52-123 that can be cured by amendment. A misnomer must be distinguished from a case in which the plaintiff has misconstrued the identity of the defendant, rather than the legal nature of his existence. When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant." Id.; see also 1 E. Stephenson, supra, § 105e, p. 433 (designation of correct party in way which may be inaccurate but which is still sufficient for identification purposes may be amended).

Furthermore, we recently determined that an error in the process that failed to comply with a statutory

mandate may be corrected under a remedial statute. In *Concept Associates, Ltd.* v. *Board of Tax Review,* supra, 229 Conn. 618, the plaintiffs, who erroneously specified a return date that fell on a Thursday, sought to amend the return date to fall on a Tuesday, as required under General Statutes § 52-48.[9] We concluded that amendment of process to correct a return date must be permitted as a remedial measure under General Statutes § 52-72.[10] Id., 623. In addition, we concluded that the language "[a]ny court shall allow a proper amendment to civil process" is mandatory rather than directory and we directed the trial court to grant the plaintiff's request to amend process. Id., 626. Section 52-123 is a comparably worded, remedial statute to which the same principles apply. 1 E. Stephenson, supra, § 35, pp. 137–38 n.608.

We, therefore, have refused to permit the recurrence of the inequities inherent in eighteenth century common law that denied a plaintiff's cause of action if the pleadings were technically imperfect. As Professor Edward L. Stephenson points out, remedial statutes such as § 52-123 were intended to soften the otherwise harsh consequences of strict construction under the common law: "Over-technical formal requirements have ever been a problem of the common law, leading [legislative bodies] at periodic intervals to enact stat-

---

[9] General Statutes § 52-48 provides in pertinent part: "RETURN DAY OF PROCESS. (a) Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the superior court may be made returnable on any Tuesday in any month. . . ."

[10] General Statutes § 52-72 provides in pertinent part: "AMENDMENT OF PROCESS. (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.

"(b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form."

utes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." 1 E. Stephenson, supra, § 35, p. 137.

In sum, we decline to interpret § 52-123 in so strict a manner as to deny the plaintiff the pursuit of its complaint. See, e.g., *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 477–78, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980) (court should avoid interpreting rules and statutes so strictly that litigant is denied pursuit of its complaint due to mere circumstantial defects); *Johnson* v. *Zoning Board of Appeals*, 166 Conn. 102, 111, 347 A.2d 53 (1974) (court does not favor termination of proceedings without determination on merits); *Greco* v. *Keenan*, 115 Conn. 704, 705, 161 A. 100 (1932) (same).

In this case, it is evident that the town, rather than the board, was the intended defendant and that the town had actual notice of the institution of this action. The plaintiff's intent was to appeal the alleged excessive tax assessment under § 12-117a. According to the statute, relief could only be obtained from the town. Notice to the town was properly served, pursuant to § 52-57 (b) (1), upon the assistant town clerk. Further, the town implicitly recognized that it was the proper defendant in this action by accepting service of the citation, appearing in the action, answering the complaint and otherwise acting as the defendant. The town, through its counsel, has been actively involved in filing documents with the court and in attempting to negotiate a settlement with the plaintiff, and there is no evidence that the town was prejudiced in any way by the erroneous designation of the board as the defendant in the citation. Counsel for the town signed every court document in the record before us that was submitted on behalf of the board or the town. Counsel for the town also represented the board at oral arguments before this court and conceded that neither notice nor

prejudice is at issue in this case. Therefore, we can reasonably conclude that the plaintiff intended to bring the action against the town, and that the town had actual notice of the action and knew it was the intended defendant. The record reveals that the town responded accordingly and was not prejudiced by the naming of the board as the defendant in the plaintiff's citation.

We conclude that the naming of the board instead of the town was a circumstantial error, mistake or defect under § 52-123. We further conclude that because the language of § 52-123—"[n]o writ . . . shall be . . . set aside . . . for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court"—is mandatory rather than directory, the plaintiff was entitled to correct its error by amendment.

The judgment of the trial court is reversed, and the case is remanded with direction to grant the plaintiff's request for leave to amend the citation, and for further proceedings according to law.

In this opinion the other justices concurred.