[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Citing absence of jurisdiction, the Southbury Board of Tax Review has moved to dismiss the plaintiffs' appeal from the failure of the Board of Tax Review to reduce the plaintiffs' assessment. The Tax Review Board urges the court that it has no power to hear the case because: (1) there is no defendant before the court; (2) the Board of Tax Review does not exist as a legal entity, and is therefore not a party; (3) no proper party was served; (4) the town of Southbury and the Tax Assessor are necessary parties; and (5) this court has no subject matter jurisdiction. The motion is denied as to the Town of Southbury. The appeal taken under 12-117a can be rightly understood by the Court and the Court understands that the plaintiffs and the Town of Southbury are parties to it. The motion is denied as to the Board of Tax Review, since it was properly served and may be the subject of some equitable relief if the case is for any reason remanded by the reviewing court to said board. The motion is denied as to the Section 12-119 count because the Tax Review Board lacks standing to assert it.
The plaintiffs summoned the Town of Southbury to appear in the citation. The sheriff served the citation on the Town Clerk. It is true that the plaintiffs described the defendant as the "Board of Tax Review, Town of Southbury" in the coram and caption of the complaint. The plaintiffs also indicated on a separate JD-CV-1 summons form which was used in addition to the citation, that the defendant is the Board of Tax Review of the Town of Southbury. But this is not fatal to plaintiffs' cause. The plaintiffs have complied with the pertinent provision of CT Page 12403 Section 12-117a which requires "a citation to such town or city" and the provisions of Section 52-57 which permit service of process against a municipality to be made upon its clerk. The provisions of Section 52-123 of the statutes are mandatory, rather than directory. Section 52-123 forbids setting aside of any writ "if the person and the cause may be rightly understood by the court." Andover Limited Partnership v. Board of TaxReview, 232 Conn. 392 (1995).
The motion to dismiss is also denied as to the Board of Tax Review of the Town of Southbury. Where one has been denied the relief requested from the Board of Tax Review, and appeals to Superior Court, General Statute 12-117a empowers the court with "power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable . . .". Thus, the court is given power to grant a wide ambit of statutory relief. In their demand for relief, plaintiffs' claims are just as broad, namely: "Such other and further relief as the court shall deem just in the circumstances." Since the court might conceivably remand to the board with orders granting some equitable relief, the court has jurisdiction over the subject matter and this party.
In a separate count, the plaintiffs also purport to appeal under provisions of Section 12-119 of the statutes from actions of the Assessor. The Tax Review Board is the only agency which has appeared by counsel. Neither the town nor the Assessor has appeared. The motion addressed to the failure to join the Assessor is not something the Tax Review Board has standing to raise. It is denied for lack of standing.
/s/ Flynn, J. FLYNN