[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO DISMISS (Nos. 102 103), MOTION TOAMEND (No. 106), AND OBJECTIONS THERETO (Nos. 105 107)
This administrative appeal was commenced with a defective citation. The common question presented by these various motions is whether the defect is fatal. For the reasons described below, I conclude that it is not. CT Page 7663
The following facts appear from the file and are, at least for purposes of these motions, undisputed. The plaintiff, Patricia Contant ("Contant"), commenced this action to challenge a decision by the Bethany Planning and Zoning Commission (the "Commission") that had granted certain waivers of road length and lot requirements to Bud Priest, Inc. ("Bud Priest"). Contant claims statutory aggrievement by virtue of owning land within 100 feet of the property in question. The merits of Contant's claim are not before me at this time. The question presented here concerns her citation.
Contant's citation is dated June 26, 1996. It begins with the caption "Patricia Contant vs. Bethany Planning and Zoning Commission et al." Its text, however, directs the serving officer "to summon the Zoning Board of Appeals of the Town of Bethany and Bud Priest, Inc. . . . by leaving [the relevant papers] with or at the usual place of abode of the Chairman and the Town Clerk and the other parties above named."
The return of the sheriff states that on June 27, 1996, he "served the within named defendant, Bethany Planning and Zoning Commission, by serving [the relevant papers on] the Town Clerk of the Town of Bethany, and by leaving [such papers] at the usual place of abode of Newton Borgeson, Chairman of the Planning and Zoning Commission of the Town of Bethany." The Commission does not dispute that such service occurred. The Bethany Zoning Board of Appeals plays no role in this action and has never been served.
On September 6, 1996, Bud Priest filed a motion to dismiss (No. 102), claiming that Contant's asserted failure to properly cite the Commission deprives the court of subject matter jurisdiction. On September 22, 1996, the Commission filed a motion to dismiss (No. 103) based on the same ground. Contant filed a consolidated objection to both motions on September 26, 1996 (No. 105). On September 30, 1996, Contant filed a motion to amend (No. 106), seeking to amend the citation to name the Commission. Bud Priest filed an objection to this motion (No. 107) on October 7, 1996. All of these various motions and objections were heard at a consolidated hearing on October 15, 1996. They may appropriately by considered together.
In order to determine whether Contant's failure to name the Commission in the text of her citation was fatal to her cause of action, it is helpful to consider both the controlling statutory CT Page 7664 provisions and the judicial gloss that our Supreme Court has placed on those provisions. The statute allowing appeals from municipal commissions to the Superior Court, Conn. Gen. Stat. § 8-8, contains no textual requirement of a citation. Rather, § 8-8(b) requires that "[t]he appeal shall be commenced by service of process . . . [and] be returned to court in the same manner . . . as prescribed for civil actions brought to that court." In spite of this textual provision, our Supreme Court held in the celebrated Simko case, Simko v. Zoning Board ofAppeals, 205 Conn. 413, 533 A.2d 879 (1987), aff'd, 206 Conn. 374,538 A.2d 202 (1988) (en banc), that failure to name a necessary party to an § 8-8 appeal in the citation is a jurisdictional defect even when the party in question is actually served. 205 Conn. at 419-21. Simko's narrow holding that the clerk of a municipality is a necessary party in a zoning appeal was "effectively overruled" by the legislature by the enactment of 1988 Conn. Acts 88-79. Demar v. Open Space ConservationCommission, 211 Conn. 416, 422, 559 A.2d 1103 (1989). P.A. 88-79 does not itself address Simko's broader holding concerning the jurisdictional necessity of naming a necessary party in the citation.
Two other statutory provisions, however, bear on this broader problem. First, Conn. Gen. Stat. § 8-8(p) provides that:
 The right of a person to appeal a decision of a board to the superior court, and the procedure prescribed in this section, shall be liberally interpreted in any case where a strict adherence to these provisions would work surprise or injustice. The appeal shall be considered to be a civil action and, except as otherwise required by this section or the rules of the superior court, pleadings may be filed, amended or corrected, and parties may be summoned, substituted or otherwise joined, as provided by the general statutes.
Second, Conn. Gen. Stat. § 52-123 provides that, "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may rightly be understood and intended by the court."
The application of § 52-123 to defective citations has recently been discussed in Andover Limited Partnership I v. BoardCT Page 7665of Tax Review, 232 Conn. 392, 655 A.2d 759 (1995). Andover was a tax assessment appeal commenced with a citation that mistakenly named a town's board of tax review rather than the town itself as the defendant. Our Supreme Court held that § 52-123 is available to cure this defect. Andover's specific analysis will be discussed in a moment. Its broader significance lies in its statement that, "We . . . have refused to permit the recurrence of the inequities inherent in eighteenth century common law that denied a plaintiff's cause of action if the pleadings were technically imperfect." Id. at 399. The tension between this statement and Simko, which famously allowed just such an inequity, is readily apparent.
Although Andover is animated by a new spirit, it does not on its face overrule prior case law. Given this fact, it must be determined whether the present case is squarely controlled by any prior judicial decision. The defendants primarily rely on two decisions: Village Creek Homeowner's Association, Inc. v. PublicUtilities Commission, 148 Conn. 336, 170 A.2d 732 (1961), andSimko itself. Each of these decisions, however, is distinguishable. Village Creek holds that the court is deprived of jurisdiction where the complaint is served with no citation at all. See 148 Conn. at 338. Contant's complaint, in contrast, was served with a citation, albeit a defective one. Simko is obviously much closer to the mark because that case involved a defective citation. The citation in Simko, however, "failed to mention" the necessary party. 205 Conn. at 415. The same cannot be of Contant's citation. While the text of her citation fails to mention the necessary party, in this case the Commission, by name, the caption of her citation expressly names the Commission as a defendant. The citation's further textual direction to serve the necessary papers on "the other parties above named" can fairly be taken to refer, inter alia, to parties named in the caption. The serving officer plainly interpreted the citation in just this way. The authority relied upon by the defendants is consequently distinguishable.
In the absence of controlling authority, Andover's more forgiving approach may appropriately be applied. Andover focuses on whether the misdescription in question is a misnomer. In making this determination, the court first considers "whether the plaintiff . . . intended to sue the proper party or whether [she has] erroneously misdirected [her] action." 232 Conn. at 397. It is quite apparent in this case that Contant intended to sue the Commission. Andover then proceeds to apply a three-pronged test CT Page 7666 to determine whether the error was a misnomer: "(1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice." Id.
The application of Andover's three-pronged test in the instant case yields a clear result. (1) The Commission had actual notice of the institution of the action by virtue of service of process. (2) The Commission knew or should have known that it was an intended defendant in the action. The complaint makes it clear beyond any doubt that Contant is appealing from an action of the Commission. In addition, the Commission is named as a defendant in the summons. (3) The Commission was in no way misled to its prejudice. Neither, for that matter, was Bud Priest. At argument, each defendant admitted that it had not been prejudiced.
The naming of the Zoning Board of Appeals, rather than the Commission, in the text of the citation was consequently a circumstantial error, mistake or defect under § 52-123. Sec.8-8(p) allows the citation to be amended "as provided by the general statutes." This is particularly the case where a strict adherence to pleading requirements "would work surprise or injustice." Contant's request to amend her citation should accordingly be granted, and the motions to dismiss should be denied.
On the specific motions before the court, the following orders are entered:
Bud Priest's motion to dismiss (No. 102) is denied.
The Commission's motion to dismiss (No. 103) is denied.
Contant's objection to the motions to dismiss (No. 105) is sustained.
Contant's motion to amend (No. 106) is granted.
Bud Priest's objection to the motion to amend is overruled.
Jon C. Blue Judge of the Superior Court CT Page 7667