[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding sounds in breach of contract. The defendant, Ernest O. Belmont, has filed a motion to dismiss, arguing that because he was never served copies of the exhibits referred to in the complaint, there was insufficient process and CT Page 697 insufficient service of process, pursuant to Practice Book §§ 142, 143, now Practice Book (1998 Rev.) §§ 10-30, 10-31. Therefore, the defendant contends that the court lacks subject matter jurisdiction. The defendant also asserts that the plaintiff has failed to subsequently serve copies of the exhibits after the defendant filed an appearance in the case as allowed under Practice Book § 141, now Practice Book (1998 Rev.) § 10-29. Finally, the defendant argues that if the original complaint filed with the court contains the attached exhibits, the defendant's copy is not a "true and attested copy" of the process as required by § 52-57(a) of the General Statutes.
The plaintiff has responded that any possible defects in the complaint do not automatically lead to a dismissal of the case as there are certain statutes allowing the plaintiff to cure the defect by amending the complaint. See §§ 52-72, 52-130 of the General Statutes. The plaintiff also argues that the court obtained jurisdiction once service was made, which under Practice Book § 141, now Practice Book (1998 Rev.) § 10-29 may be done without attaching the referenced exhibits. Finally, it contends that the defendant cited no case law nor provided sufficient facts to support his argument that "a true and attested copy" of the complaint was not served because the exhibits were not attached.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). Practice Book § 143, now Practice Book (1998 Rev.) § 10-31 provides, in part, that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . (4) insufficiency of process, and (5) insufficiency of service of process." Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Doe v.Roe, 246 Conn. 652, 661 (1998).
Pursuant to Practice Book § 141, now Practice Book (1998 Rev.) § 10-29, a plaintiff may choose to serve the complaint first to establish jurisdiction and subsequently serve copies of the exhibits referred to in the complaint after the defendant CT Page 698 filed an appearance. In addition, § 52-72 of the General Statutes provides that "[a]ny court shall allow a proper amendment to civil process which . . . is for any . . . reason defective . . ." Lastly, General Statutes § 52-130 states that the "[p]arties may amend any defect, mistake or informality in the pleadings or other parts of the record or proceedings. "See also § 52-128 ("[t]he plaintiff may amend any defect, mistake or informality in the writ, complaint . . . without costs, within the first thirty days after the return date and at any time afterwards . . . at the discretion of the court . . .").
Our Supreme Court has ruled in favor of maintaining a circumstantially defective complaint so long as there is sufficient notice to the parties and so long as the defendant was not prejudiced. Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 477 (1979); see also Andover Limited Partnership I v.Board of Tax Review, 232 Conn. 392, 400 (1995). In the present case, the defendant has had sufficient notice of the suit, having been properly served with the plaintiff's complaint. Moreover, the unattached exhibits were copies of the two contracts that both parties had signed and as a result the defendant was fully aware of each exhibit. Therefore, the defendant was not prejudiced by not immediately receiving the contract copies when the complaint was served. See Mills v. Pettit, Superior Court, judicial district of Litchfield, Docket No. 057933, 6 CONN. L. RPTR. 563 (June 10, 1992) (Pickett, J.) (failure of the plaintiff to attach Exhibit G to the complaint was not fatal because the defendants received sufficient notice of the claims alleged by the plaintiff and the defendants were not prejudiced by not receiving one of seven exhibits.).
The motion to dismiss is, accordingly, denied.
Moraghan, J.