[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
The defendants, Fairfield Fire Department and Fairfield Police Department, have moved for summary judgment on the claims of the plaintiff that they violated his right to due process of law by filing baseless complaints against him and his business and by harassing and intimidating his customers and attempting without probable cause to cause him to go out of business. Clarence Darrow, David Russell and William Schumann, who are identified in the revised complaint as fire and police officials employed by the Town of Fairfield, have also moved for summary judgment with regard to the plaintiff's claims that they deprived him of liberty interests protected by the due process clause of the United States Constitution, in violation of 42 U.S.C. § 1983.
Specifically, all defendants claim that the plaintiff has not stated a cognizable claim because the harm he alleges does not constitute a constitutional violation. In the alternative, defendants Darrow, Russell and Schumann assert that if a claim is stated, it is defeated by the doctrine of qualified immunity. The Fairfield Fire Department and Fairfield Police Department further claim judgment on the ground that they are not entities amenable to suit, and that the proper defendant is the Town of Fairfield, not its departments. They also assert that as a matter of law the facts establish that they had probable cause for their actions and that the plaintiffs malicious prosecution claim must therefore fail.
Claims of Prior Adjudication
The plaintiff opposes the defendant's motion in part on the ground that the issues raised have been decided by rulings on prior motions for summary judgment. Those rulings concerned motions filed by parties other than the present movants. This court finds that the present movants have not previously obtained any adjudication of the issues raised in the motion now before this court. CT Page 4689
Standard of Review
It is well settled that a party seeking summary judgment has the burden of showing what the undisputed material facts are, and that the facts entitle the movant to judgment as a matter of law. Practice Book § 17-49; Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24 (1999); Doty v. Mucci, 238 Conn. 800, 805-806
(1996); Miller v. United Technologies Corp. , 233 Conn. 732,751-52 (1995); Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105
(1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434
(1980). The issue is whether a party would be entitled to a directed verdict on the same facts. Connell v. Colwell,214 Conn. 242, 246-47 (1990).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Doty v. Mucci, supra, 238 Conn. 805.
A. Cause of Action for Deprivation of Federally Protected Rights (Counts Eight, Nine and Ten)
The defendants assert that the plaintiff has failed to state a cognizable claim in Counts Eight, Nine and Ten of the revised complaint because "the plaintiff does not possess a `liberty interest' under the Fifth or Fourteenth Amendments of the United States Constitution."
In these counts, the plaintiff alleges that the municipal defendants after May 16, 1986, repeatedly "entered the plaintiff's establishment during business hours, ordered business to be halted, the exits guarded and a "head count to be taken," that the "raiding" was only purportedly to discover fire safety code violations, and that the announced intention of the fire department was to close down the plaintiffs business. The plaintiff has alleged that the actions claimed were "without probable cause and were intended to harass, impede and destroy the plaintiff's business." The plaintiff has further alleged that the conduct of the defendants diminished the number of his customers, caused him apprehension that he would be falsely arrested and unlawfully imprisoned, and caused him financial and emotional harm.
The federal courts, citing Meyer v. Nebraska, 26 U.S. 3909
(1923), have ruled that the ability to engage in a lawful CT Page 4690 occupation or business is a liberty right protected by the due process clause of the Fourteenth Amendment to the United States Constitution. State Trawlers Association v. Jorling,16 F.3d 1303, 1311 (2d Cir. 1994); Benigni v. City of Hemet,879 F.2d 473, 478 (9th Cir. 1983); Sanderson v. Village of Green Hills,726 F.2d 284 (6th Cir. 1984); R.S.S.W., Inc. v. City of KeegoHarbor, 18 F. Sup.2d 738 (E.D. Mich. 1998). They have found that a cause of action was stated under § 1983 where a plaintiff alleged that municipal employees were harassing him or his customers in an effort to force him out of business. See, e.g., Benigni v.City of Hemet, 879 F.2d 473; R.S.S.W., Inc. v. City of KeegoHarbor, supra, 18 F. Sup.2d 738.
It is not necessary that the interest asserted also be a property interest. The due process clause protects liberty interests as well. The courts have held, however, that unfounded, pretextual enforcement activity that burdens the use of a liquor license may violate a property right. Reed v. Village ofShorewood, 704 F.2d 943 (7th §§ Cir. 1983).
The plaintiff has stated a cause of action against defendants Darrow, Russell, and Schumann, having alleged that they deprived him of liberty in violation of his constitutional right to due process of law in their allegedly unjustified actions, undertaken under color of state law as municipal employees.
B. Maintenance of Action Against Municipal Departments (Counts Five, Eight and Nine)
The plaintiff has not identified the Town of Fairfield by name as a defendant, but has instead named the Fairfield Fire Department and Fairfield Police Department. The plaintiff alleges in Count Five that the Fire Department acted through its employee, Captain Clarence Darrow, to engage in a malicious prosecution against him. In Count Eight, the plaintiff alleges that the Fairfield Fire Department, "acting under color of State Law and through its agents, servants and/or employees" committed various acts claimed to violate the federal civil rights act,42 U.S.C. § 1983. The civil rights claim against the Fairfield Fire Department set forth in Count Nine similarly alleges that this department acted under color of state law and through its agents, servants and employees to violate the plaintiffs federally protected rights.
The movants are correct in noting that municipal departments CT Page 4691 are neither "persons" amenable to suit under 42 U.S.C. § 1983 nor legal entities amenable to suit pursuant to state enabling legislations. Rather, it is the municipality itself that is authorized to be sued pursuant to Conn. Gen. Stat. §§ 7-148;52-73 and 7-465; and the municipality and employee himself or herself who is subject to suit as a "person" barred by 42 U.S.C. § 1983
from depriving others of federally protected rights. The United States Supreme Court ruled in Monell v. New York CityDepartment of Social Services, 436 U.S. 658, 688-89 (1978), that the meaning of the word "person" for purposes of 42 U.S.C. § 1983
is limited to natural persons and "bodies politic and corporate." Unless departments within municipal government constitute distinct "bodies politic" under state law, the proper defendant is the municipality itself, not an administrative subdivision. (Some administrative entities have been constituted as separate entities with the power to sue and be sued, see, e.g., Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 178 (1988); fire and police departments have not.)
The plaintiff suggests that the proper treatment of the issue is to allow amendment, viewing the identification of the municipal departments as a misnomer as in Pack v. Burns,212 Conn. 381 (1989); Lussier v. Dept. of Transportation,228 Conn. 343, 350 (1994); Andover Limited Partnership I v. Board of TaxReview, 232 Conn. 392 (1995). This proposal cannot be adopted because a municipality may be liable pursuant to § 1983 only for acts for which the municipality is actually responsible, that is, acts that the municipality officially sanctioned or ordered. Cityof St. Louis v. Praprotnik, 485 U.S. 112 (1988). The doctrine of respondeat superior does not apply to § 1983 claims; Monell v.Department of Social Services of the City of New York, supra,436 U.S. 691-94; rather, a plaintiff can hold a municipality itself liable for civil rights violations of employees only if he pleads and proves that the injury of which he complains was inflicted as a governmental policy, directed by those who establish governmental policy. Pembaur v. City of Cincinnati, 475 U.S. 469
(1986); Gottlieb v. County of Orange, 84 F.3d 511 (2d. Cir. 1996); Zahra v. Town of Southold, 48 F.3d 674 (2d Cir. 1995);Dwares v. City of New York, 985 F.3d 94 (2d Cir. 1993).
In the counts in which the plaintiff alleges that the police and fire departments are liable, he does not allege any governmental policy or directive, nor does he allege that the acts complained of were the official policy of the municipality. Since a cause of action could not be maintained against the Town CT Page 4692 of Fairfield without such allegations, the issue cannot be treated as an instance of misnomer.
The motion for summary judgment is granted as to Counts Five and Eight and Nine.
C. Defense of Qualified Immunity (Count Ten)
Defendants Schumann, Darrow and Russell claim that as a matter of law, they have established immunity from the plaintiff's claims of constitutional violation, and that judgment in their favor should therefore enter on the claims set forth in Count Ten of the revised complaint. In that count, the plaintiff alleges that these defendants, without probable cause, and with the announced intention to close down his business, on a regular basis entered the Seagrape Cafe during business hours, and ordered business halted, exits guarded, and head counts taken, with the result that the plaintiff lost customers.
The motion for summary judgment is accompanied by unsigned affidavits of Schumann, Darrow and Russell. Even if the defendants had signed these submissions, the text of each states merely that each affiant was acting in the "scope and course" of his employment, with no indication of any basis for undertaking any of the actions alleged in the complaint, and no statement of facts concerning the allegation of an intent to harass and inflict harm rather than to pursue legitimate code enforcement. Excerpts from the deposition of defendant Darrow are limited to his response that on some occasions he had complaints that the café had more patrons than the occupancy limit imposed under fire regulations.
The plaintiff has filed an affidavit alleging that the occupancy limit was set at an unduly low level and that between 1987 and 1990 fire department employees "would routinely raid the Seagrape during business hours to conduct head counts, even though I was not in violation of the occupancy rate" and that "during these raids, the Fire Department would seal the exits, order business to be halted, force customers to leave, and repeatedly harass and intimidate patrons and my employees." The plaintiff avers in his affidavit that defendant Russell stated that it was his department's intention to close down the plaintiff's business, and that all three of the individual defendants threatened to close the café. The plaintiff also alleges that the context for the inspections included a CT Page 4693 town-imposed limitation on parking near the café, frequent visits by police officers, and the filing by town officials of a challenge to his liquor license.
Municipal employees acting in the scope of their employment have qualified immunity. The scope of that immunity is that they are not liable for discretionary acts if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald,457 U.S. 800, 818 (1982). The right that the plaintiff claims was violated is not the right to particular employment, as the defendants suggest in their brief, but the right to conduct a lawful business at a location in which such a business was lawful.
The conduct alleged to have violated the plaintiff's right to conduct a lawful business free from official actions not based on legitimate enforcement of regulations is identified in the complaint as having begun in 1987. As of that date, federal courts had held that local regulatory powers could not be used to deprive a person of the right to conduct a lawful business and had held that official conduct that did not proceed from legitimate regulatory interests violated rights protected by the due process clause of the Fourteenth Amendment. See Reed v.Village of Sherwood, supra, 704 F.2d 943; Sanderson v. Village ofGreen Hills, 726 F.2d 284 (1984) applying the principles of Meyerv. Nebraska, 262 U.S. 390, 399 (1923).
This court does not find that the defendants' submissions establish that it would have been unclear to municipal employees in 1987 whether they could conduct inspections for the purpose of driving customers away from a business rather than for legitimate enforcement of applicable regulations. At a minimum, the submissions of the plaintiff raise a factual issue as to the purpose of the inspections, since the plaintiff has averred that the occupancy limit had not been exceeded on the occasions at issue.
The court finds that the movants have not shown that the undisputed facts entitle them to summary judgment on the basis of qualified immunity.
D. Claim of Probable Cause for Filing of Complaint with Liquor Control Commission (Counts Five and Six)
CT Page 4694
In Counts 5 and 6, the plaintiff alleges common law malicious prosecution claims against the fire department and defendant Darrow for filing a complaint with the state Department of Liquor Control proposing the suspension of the plaintiff's café permit and then failing to produce evidence in support of the complaint. The plaintiff alleges that the Commission indefinitely postponed the hearing, that the defendants never rescheduled it, and that they brought false charges with malicious intent. The defendants assert that judgment should enter in their favor on Counts Five and Six because they had probable cause to make their complaint. This court has found that the motion for summary judgment should be granted as to Count Five for the reasons stated above. The court considers the additional grounds with regard to Count Six.
 In support of their motion, the defendants have filed excerpts from deposition testimony of defendant Darrow in which he stated that prior to June 23, 1987, the alleged date of his complaint to the Department of Liquor Control he had received reports from other fire department personnel that the occupancy of the café exceeded the authorized maximum. He testified that on June 20, 1987, he went to the café, was told by the captain on duty that more than the authorized 125 persons were present, and warned the plaintiff to remedy the overcrowding.
The plaintiff has submitted a transcript of the hearing before the Liquor Control Commission. At that hearing, defendant Darrow testified that he had been called to the café and had been told by the fire captain who had counted the occupants that the maximum occupancy was exceeded. The commissioner conducting the hearing sustained an objection based on hearsay and held the record open for presentation of the testimony of the captain who had done the count. Darrow identified that person as defendant Schumann and told the hearing officer than Schumann was employed by the Fairfield Fire Department but was otherwise engaged on the date of the hearing. The defendants have not presented a signed affidavit of defendant Schumann verifying either that he had counted more than 125 people at the café on the date at issue in the complaint or that he had in fact reported such a count to Darrow. The plaintiff has filed an affidavit stating that occupancy never exceeded the authorized level.
While the truthful report of a subordinate charged with the duty of accurate reporting would generally be sufficient basis for a complaint, the failure of the defendants to pursue the CT Page 4695 hearing by offering Schumann's testimony as to the count and their failure to present an affidavit by Schumann in support of their motion puts the issue of probable cause in question. In effect, the movants ask this court to infer that an official would not make a complaint in the absence of information he believed to be true. The lack of pursuit of the matter supports a contrary inference: that supporting facts were found to he lacking, and that the complaint was not pursued because Schumann had not actually determined that there were more than 125 persons on the premises during the time at issue.
A subordinate's false report that is known to be false would not constitute probable cause for a complaint. A complaint that alleged a basis in a subordinates report when no such report had been made would likewise not be based on probable cause, since "a defendant lacks probable cause if he lacks a reasonable; good faith belief in the facts alleged and the validity of the claim asserted." DeLaurentis v. New Haven, 220 Conn. 225, 256 (1991). Without an affidavit from Schumann or some other competent witness as to the facts on which the complaint to the commission was based, this court has no basis to conclude that the complaint of overcrowding was made, in good faith. Darrow's statements are insufficient in light of the unexplained failure to pursue the complaint after the Liquor Control Commissioner required direct evidence from the fire captain who was claimed to have observed the condition on which the complaint was based. The court finds that the materials submitted are insufficient to establish that the complaint at issue was made with probable cause.
Conclusion
The motion for summary judgment is granted as to Counts Five, Eight, and Nine, which are directed at the Fairfield Police Department and the Fairfield Fire Department. The motion for summary judgment is otherwise denied.
Beverly Hodgson Date Judge of the Superior Court