[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendants filed a Motion to Dismiss. The plaintiff commenced this action by Application for Order Authorizing Inspection and Testing dated June 14, 1999. The town sought an order pursuant to General Statutes § 48-13, authorizing it to enter upon land located off Hollow Tree Lane in the Town of Darien (the "Property") for the purpose of conducting a physical inspection and testing of the Property, which the town is CT Page 15425 contemplating taking by way of condemnation for municipal purposes. The complaint alleges that the various parties named as defendants in the lawsuit are the fee owners of the property.
Thereafter, on September 13, the Duhaime defendants, filed a motion to dismiss that sought dismissal "for improper service of process and failure to join necessary parties" based on an attached memorandum and "because . . . it is necessary to join the executors of the Estate of Lucien Truskoski and likewise, upon information and belief, John McMahon is deceased and no estate has been opened for him."
The court finds that the failure to join necessary parties is not properly raised by a motion to dismiss. The court finds that the appropriate remedy is a motion to strike. Accordingly, the Motion to Dismiss is denied on that ground.
In the present case, the Duhaime defendants have not filed any supporting affidavits and the court must therefore, decide this motion upon the allegations in the complaint and existing record.
Even if the court were inclined to treat the defendant's motion as a motion to strike, the request would still be denied. Practice Book Section 10-39 states in part where the ground is non-joinder of a necessary party they have to provide the name and residence, and must state the interest of the missing parts in the cause of action. There is no compliance with this section.
This court finds it clear that the only defendants required under General Statutes § 48-13 are property owners which are those that hold a fee interest.
The court finds that under General Statutes § 48-13 the record owners were the only ones to be served. The claim of improper service on John McMahon and Lucien Truskoski are susceptible to correction by a motion to amend pursuant to General Statutes § 52-123. The court notes that no appearance has been filed on behalf of John McMahon. In Andover Ltd. PartnershipI vs. Board of Tax Review, 232 Conn. 392, 655 A.2d 759 (1995), the court held that a misnomer of the proper defendant is a circumstantial defect curable under General Statutes § 52-123 and therefore, "does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant." The court finds in the instant CT Page 15426 case, the misnaming of the aforementioned defendants is a circumstantial defect which the Plaintiff may take steps to cure pursuant to General Statutes § 52-123. Such a defect does not deprive this court of jurisdiction over this action and does not provide for dismissal.
Accordingly, the Motion to Dismiss is denied.
KARAZIN, J.