[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4843 RE MOTION TO CORRECT SUMMONS #101
The plaintiff, Mei Zaums, moves to correct the summons served with the original complaint on the defendants, Richard Worms and American Executive Limousine, Inc., on November 4, 1999. Specifically, the original summons cited the incorrect court address as 400 Grand Street, whereas it should have read 300 Grand Street. The plaintiff has filed an original revised summons with the present motion to correct. The defendants have not filed an objection or opposing memorandum.
The Supreme Court has articulated three factors to determine whether an error is a "circumstantial defect under § 52-123: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice." Andover Ltd. Partnership I v. Board of Tax Review,232 Conn. 392, 397, 655 A.2d 759 (1995).
Practice Book § 8-1 provides that a plaintiff must serve a civil summons "describing the parties, the court to which it is returnable and the time and place of appearance. . . ." Practice Book § 8-1. A writ of summons is "an essential element to the validity of the jurisdiction of the court . . . [a]lthough the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book." (Citations omitted.) Hillman v. Greenwich, 217 Conn. 520, 526,587 A.2d 99 (1991). General Statutes § 52-123 provides, "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
"The mere fact that the address on the summons in [an] action was incorrect is merely a circumstantial defect which does not warrant a dismissal of [an] action." Citizens Savings Bank v.Development Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542528 (May 11, 1995, Sheldon, J.); see Hartford National Bank Trust Co. v.Tucker, 178 Conn. 472, 423 A.2d 141 (1979), on appeal after remand, 181 Conn. 296, 435 A.2d 350 (1980), 195 Conn. 218,487 A.2d 528 (1985) (holding that the lack of an apartment number on CT Page 4844 the summons was only a circumstantial defect because process was left at the correct apartment and was actually received by the defendant); Sankaran v. Jarvis, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 456254 (November 1, 1993, Handy J.) (holding that an incorrect address in the summons is not sufficient to warrant dismissal because it is a circumstantial defect curable by General Statutes § 52-72);Luty v. Estate of Krausse, Superior Court, judicial district of Danbury, Docket No. 306017, (October 23, 1991, Fuller, J.) (holding that the probate appeal should not be dismissed because there was no prejudice by the trivial omission of the date of an appearance and street address of the court); Coiro v. Duran, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 383203 (August 22, 1991, Wagner, J.) (4 Conn.L.Rptr. 434) (holding that where the intended defendant actually received the summons, the listing of an incorrect address did not require a dismissal of the action because it was a circumstantial defect within the meaning of General Statutes §52-123).
The present civil action satisfies each of the factors ofAndover Ltd. Partnership I v. Board of Tax Review, supra232 Conn. 392, in that the defendants had actual notice of the action based on proper service. Moreover, it is well known by Connecticut attorneys that the civil court is located at 300 Grand Street in Waterbury and the criminal court is located at 400 Grand Street in Waterbury. The incorrect court address is a circumstantial defect within the meaning of General Statutes §52-123 that does not prejudice the defendants. Accordingly, the plaintiff's motion to correct summons is granted.
SANDRA VILARDI LEHENY, J. CT Page 4845
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4846
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4847
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4848
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4849
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4850
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4851
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4852
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4853
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4854
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4855
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4856
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4857
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4858
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4860
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4861
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4862
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4863
[EDITORS' NOTE: THE CASE ORIGINALLY ON THIS PAGE WAS A DUPLICATE CASE.] CT Page 4864