[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Visiting Nurse Services of Connecticut, Inc. has moved to dismiss this action on the ground that the court lacks subject matter jurisdiction. Specifically, the defendant argues that the plaintiff, Alfred Clark does not have standing to bring this action as he was not appointed guardian for Gertrude Clark by any court of competent jurisdiction. The defendant filed its motion to dismiss on October 30, 2000, and the plaintiff filed his objection to the motion on December 4, 2000.
The summons reflects that Alfred Clark (plaintiff), as guardian and CT Page 2211 next friend of Gertrude Clark, commenced the present action on July 27, 2000. The plaintiff alleges that the defendants were negligent in rearranging Gertrude Clark's furniture without his knowledge or consent or the knowledge and consent of Gertrude Clark, or the home health care aide and that this caused Gertrude Clark to fall.
On October 30, 2000, the defendant Visiting Nurse Service of Connecticut, Inc. filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The defendant essentially alleges that there is no allegation that the plaintiff has ever been designated guardian and next friend on behalf of Gertrude Clark and that he lacks standing in the present case. In response on December 4, 2000, the plaintiff filed a copy of the general power of attorney signed by Gertrude Clark, authorizing him to file suit on her behalf. (Mem. of Law in Supp. of Objection to Mot. to Dismiss, Ex. A.)
 I.
"[I]t is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Community Collaborative ofBridgeport, Inc. v. Ganim, 241 Conn. 546, 552-53, 698 A.2d 245 (1997).
The standing requirement is "designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented,"Golden Hill Paugussett Tribe of Indians v. Southbury, 231 Conn. 563,571, 651 A.2d 1246 (1995). "To fulfill these goals, the standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a proper party to request adjudication of the issues. . . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Internal quotation marks omitted; citations omitted.) Id. "A complaining party ordinarily can show that it is "a proper party' when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Internal quotation marks omitted; brackets in original.) Id., 572. "To demonstrate authority to sue, however, it is not enough for a party merely to show a "colorable claim' to such authority. Rather, the party whose authority is challenged CT Page 2212 has the burden of convincing the court that the authority exists." Id.
The Connecticut Short Form Power of Attorney Act, General Statutes § 1-42, et seq., confers upon the attorney in fact authorization to engage in litigation on behalf of a principal in the statutory short form power of attorney, General Statutes § 1-43. This means that "the principal authorizes the agent: (1) To assert . . . before any court . . . any cause of action, claim, counterclaim, offset or defense, which the principal has, or claims to have, against any individual, partnership, association, corporation, limited liability company, government, or other person or instrumentality, including, but not limited to, power to sue . . . for the recovery of damages sustained by the principal in any manner. . . ." General Statutes § 1-51.
The power of attorney presented by Alfred Clark, prepared in conformance with § 1-43, expressly vests him with the authority to assert a cause of action before this court on behalf of Gertrude Clark . . . While Alfred Clark has not established that he was appointed guardian or next friend of Gertrude Clark, he has proffered a copy of the power of attorney executed by Gertrude Clark. Therefore, Alfred Clark has established that he has the authority to bring the present action.
 II.
A question remains, however, as to whether the summons may be amended to reflect that Alfred Clark is the attorney in fact rather than guardian or next friend of Gertrude Clark and whether that error implicates this court's jurisdiction. General Statutes § 52-123 states:
 "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
In interpreting § 52-123, our Supreme Court has held that "(w)e previously have explained that § 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer or misdescription in an original writ, summons or complaint. . . . The effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." Andover Limited Partnership, v. Board of TaxCT Page 2213Review, 232 Conn. 392, 396 (1995) (citations omitted; internal quotation marks omitted.) "We distinguished these two categories of error, stating that the first, involving a defendant designated by an incorrect name, is referred to as a `misnomer.' It is a circumstantial defect anticipated by General Statutes § 52-123 that can be cured by amendment. A misnomer must be distinguished from a case in which the plaintiff has misconstrued the identity of the defendant, rather than the legal nature of his existence. When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant." Id. at 398, citingLussier v. Dept. of Transportation, 228 Conn. 343 (1994).
In this action, the plaintiff was designated inaccurately as a guardian and next friend of Gertrude Clark, rather than designated as an attorney-in-fact pursuant to General Statutes § 1-43. The plaintiff in this case is Alfred Clark. Such mis-designation of the plaintiff's capacity is a misnomer which does not prevent the exercise of subject matter jurisdiction and is amendable by the plaintiff.
Therefore, for the foregoing reasons, the defendant's motion to dismiss is denied.
Matasavage, J.