[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Kathleen Ousroui, brings this action, returnable July 3, 2001, against two defendants, Pamela Farley and Richard Huddy.
The writ, summons and complaint, dated May 11, 2001, seeks money damages from both defendants as a result of an automobile accident which occurred on May 23, 1999, on Interstate 84 in Danbury.
Since neither defendant is a resident of Connecticut, service was made upon the Commissioner of Motor Vehicles pursuant to § 52-62 (a)[1]
of the General Statutes. CT Page 13468-u
The plaintiff was a passenger in the vehicle operated by the defendant, Richard Huddy.
An appearance was filed on behalf of Richard Huddy on July 5, 2001, and this motion to dismiss followed on July 12, 2001.
The motion to dismiss argues that the court lacks subject matter jurisdiction, in light of the death of Richard Huddy on February 4, 2000.
The defendant argues that the writ, summons and complaint fails to mention the death of Richard Huddy, and does not name the administrator of his estate as a party to the action.
Therefore, he argues, the action is void, ab initio, as to Richard Huddy.
The return receipt in this matter was signed by one Wendy Cheetham, the Administrator of the Estate of Richard Huddy.
The plaintiff argues that service was properly made upon Wendy Cheetham in the manner provided by statute, § 52-62 (b)[2] of the General Statutes.
She, then, argues that § 52-123 of the General Statutes permits her to substitute Wendy Cheetham, in her fiduciary capacity, as a party to this action.
Section 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."
Section 52-123 is a remedial statute and, therefore, must be liberally construed in favor of those whom the legislature intended to benefit.Concept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618, 623
(1994).
In determining whether the error in question is the type of error that is a misnomer, or circumstantial defect, bringing it within the protection of § 52-123, a three-fold test has been announced: (1) did the proper defendant have notice of the institution of the action, (2) did the proper defendant know or should it have known, that it was the CT Page 13468-v intended defendant in the action, and (3) was the proper defendant misled in any way, to its prejudice. Pack v. Burns, 212 Conn. 381, 385 (1989);Andover Limited Partnership I v. Board of Tax Review, 232 Conn. 392,397-98 (1995).
In this case, the administrator had actual notice of the commencement of the suit, having signed the card by which service of process was affected.
She knew, or should have known, that the action was one which could be prosecuted against the Estate of Richard Huddy, because an appearance was timely entered on July 5, 2001.
The administrator was not prejudiced in any way, but filed an appearance as if she had been named as a defendant.
As a potential party, she had been deemed to have appointed the Commissioner of Motor Vehicles as the agent for service of process upon a fiduciary.
The complaint, therefore, is not a nullity as urged by the defendant, because service was properly made upon the administrator, Wendy Cheetham.
This case, therefore, falls squarely within the provisions of §52-123, and the plaintiff should not be denied a cause of action which was commenced in a timely fashion.
The motion to dismiss, dated July 12, 2001, is denied.
The plaintiff's motion to substitute party defendant, dated August 16, 2001, is granted.
Radcliffe, J.